No. 86-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA, ex rel., MONTANA
CITIZENS FOR THE PRESERVATION OF
CITIZENS' RIGHTS, et al.,

      Plaintiffs and Relators,

      -vs-

JIM WALTERMIRE, Secretary of State,
et al.,

      Defendants and Respondents,

      and

MONTANA LIABILITY COALITION,

      Real Party in Interest.

_____

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

      For Relators:

      Goetz, Madden & Dunn; James H. Goetz argued, Bozeman,
      Montana

      For Respondents:

            Hon. Mike Greely, Attorney General, Helena, Montana
            James M. Scheier argued, Asst. Atty. General, Helena
            H. Elwood English argued, Secretary of State's Office,
            Helena, Montana
            Gary Pringle, Clerk & Recorder, Bozeman, Montana

      Real Party in Interest:

      Gerald J. Neely argued, Billings, Montana

      Amicus Curiae:

      Shelton D. Williams, Montana Assoc. Defense Counsel,
      Missoula, Montana

_____

                Submitted: October 7, 1986
                  Decided: December 11, 1986

Filed: DEC 11 1986

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs and relators filed an original proceeding in this Court for a writ of injunction and other appropriate relief to prevent Constitutional Amendment Initiative 30, the "liability limits initiative," from appearing on the November 1986 Montana election ballot. In an order dated October 7, 1986 (copy of order attached to this opinion), this Court denied the plaintiffs' application for relief. This opinion explains the reasons for that order.

The issues are:

1. What initiative matters are appropriate for exercise of the Court's pre-election jurisdiction?

2. Is the Initiative invalid because it presents more than one amendment in a single ballot, in violation of Mont. Const. Art. XIV, § 11?

3. Is the Initiative unconstitutional because it attempts to transfer judicial power to the legislative branch in violation of the doctrine of separation of powers?

4. Are the Attorney General's statement of purpose and statement of implication untrue, misleading, and prejudicial?

Plaintiffs' standing to bring this action is not disputed, nor is it disputed that a writ of injunction could be issued by this Court. Therefore those issues, although raised, will not be discussed in this opinion.

After petitions containing the necessary number of signatures of Montana voters had been filed, CI-30 was certified to the Governor by the Secretary of State on July 3, 1986. The Initiative amends Mont. Const. Art. II, § 16, as follows (new portions are underlined, deleted portions are lined through):

2

BE IT ENACTED BY THE STATE OF MONTANA:

Section 1, Article II, section 16, of the Constitution of the State of Montana is amended to read:

"Section 16. The administration of justice (1) Courts of justice shall be open to every person, and speedy remedy afforded for ~~every~~ injury of person property, or character. <u>Right</u> <u>and</u> <u>justice</u> <u>shall</u> <u>be</u> <u>administered</u> <u>without</u> <u>sale,</u> <u>denial,</u> <u>or</u> <u>delay</u>.

(2) No person shall be deprived of ~~this full~~ legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state. ~~Right-and-justice-shall-be-adminis-tered-without-sale,-denial,-or-delay.~~

(3) <u>This</u> <u>section</u> <u>shall</u> <u>not</u> <u>be</u> <u>construed</u> <u>as</u> <u>a</u> <u>limitation</u> <u>upon</u> <u>the</u> <u>authority</u> <u>of</u> <u>the</u> <u>legislature</u> <u>to</u> <u>enact</u> <u>statutes</u> <u>establishing,</u> <u>limiting,</u> <u>modifying,</u> <u>or</u> <u>abolishing</u> <u>remedies,</u> <u>claims</u> <u>for</u> <u>relief,</u> <u>damages,</u> <u>or</u> <u>allocations</u> <u>of</u> <u>responsibility</u> <u>for</u> <u>damages</u> <u>in</u> <u>any</u> <u>civil</u> <u>proceeding;</u> <u>except</u> <u>that</u> <u>any</u> <u>express</u> <u>dollar</u> <u>limits</u> <u>on</u> <u>compensatory</u> <u>damages</u> <u>for</u> <u>actual</u> <u>economic</u> <u>loss</u> <u>for</u> <u>bodily</u> <u>injury</u> <u>must</u> <u>be</u> <u>approved</u> <u>by</u> <u>a</u> <u>2/3</u> <u>vote</u> <u>of</u> <u>each</u> <u>house</u> <u>of</u> <u>the</u> <u>legislature.</u>

Section 2. Effective Date. This amendment is effective on approval of the electorate."

Plaintiffs filed their application for writ of injunction on August 28, 1986. On September 2, 1986, this Court ordered that briefs be filed by the parties, reserving the issue of whether jurisdiction would be accepted. On October 7, 1986, oral arguments were heard and this Court denied plaintiffs' application.

Three members of the Court have already issued their dissent to this opinion. The dissent has addressed in substantive detail each of the issues raised by the parties. We do not respond to the detailed issue analysis of the dissent because, as more fully explained below, we concluded that it would be improper for us to consider the issues prior to the election.

3

I.

What initiative matters are appropriate for exercise of the Court's pre-election jurisdiction?

Plaintiffs assert that this matter is appropriate for assumption of jurisdiction under the criteria set forth in State ex rel. Greely v. Water Court of State (Mont. 1985), 691 P.2d 833, 41 St.Rep. 2373, final opinion (1985), 712 P.2d 754, 42 St.Rep. 1856: it involves a constitutional issue of major statewide importance, the questions involved are pure legal questions of statutory or constitutional construction, and urgency and emergency factors make the normal appeal process inadequate. The Greely case involved challenges to acts of the Water Court of the State of Montana under the then-existing statutes. It was not, like this case, a challenge to a proposed law. For that reason, we conclude that the Greely factors are not dispositive of the issues here. In a pre-election challenge to the constitutionality of an initiative, other considerations are also involved.

The reasons which have been recognized for this Court's intervention in the initiative process prior to an election are quite limited. This Court has assumed original jurisdiction over pre-election challenges when the initiative was not properly submitted under the election laws, e.g., State ex rel. Livingston v. Murray (1960), 137 Mont. 557, 354 P.2d 552, and where the initiative was unconstitutional on its face, e.g., State ex rel. Steen v. Murray (1964), 144 Mont. 61, 394 P.2d 761.

Both the Livingston and Steen cases were decided prior to the adoption of the 1972 Montana Constitution. Also of particular importance is the Rule 17, M.R.App.Civ.P., provi-

4

sion that the assumption of original jurisdiction is discretionary with this Court.

The right retained by the people of Montana to change our Constitution by initiative is unique. The people do not have such a right under the federal Constitution nor under many state constitutions. In Montana this right of constitutional change by initiative was first inserted in the 1972 Constitution. As we stated in our opinion in State ex rel. Mont. School Board Ass'n. v. Waltermire (Dec. 11, 1986), No. 86-411, we should decline to interfere with this right of constitutional change by initiative unless it appears to be absolutely essential.

II

Is the Initiative invalid because it presents more than one amendment in a single ballot, in violation of Mont. Const. Art. XIV, § 11?

The plaintiffs say that the Initiative seeks to: 1) remove the fundamental right to bring a civil action in a court of law; 2) remove from constitutional protection the right to be compensated for _every_ injury; 3) change the standard of constitutional review under Art. II, § 16 to rational basis analysis; 4) eliminate the authority of the Court to review legislative enactments under Art. II, § 16; 5) give the legislature sole authority to determine the existence and extent of individual rights and remedies; and 6) require a 2/3 majority of the legislature to approve specific dollar caps on damages. Plaintiffs argue that these should not all be grouped into one initiative. The defendants contend that it is entirely proper that an initiative be multifaceted so long as it affects only one section of a constitution as this one does.

5

Even if plaintiffs' view is correct, this type of multiplicity is not a proper basis for this Court's intervention in the initiative process prior to election. This challenge does not constitute the type of question of unconstitutionality on the face of the Initiative over which this Court has previously accepted pre-election jurisdiction. Neither is this a challenge of the propriety of submission of the Initiative to the voters. Without ruling upon the merits of the contention, we declined to consider this issue prior to election.

### III

Is the Initiative unconstitutional because it attempts to transfer judicial power to the legislative branch in violation of the doctrine of separation of powers?

Plaintiffs argue that the Initiative renders the rights declared in Art. II, § 16 of the Montana Constitution meaningless because of the provision that the section "shall not be construed as a limitation upon the authority of the legislature" to enact statutes affecting the rights. They maintain that the amendment deprives the courts of the right of review over any legislative enactments pursuant to the section, thereby violating the doctrine of separation of powers.

Again, unless an initiative is clearly unconstitutional on its face or has been improperly submitted, it would not be appropriate for this Court to remove it from the ballot prior to the voters' consideration. This challenge is not addressed to the facial constitutionality of Initiative 30, but to its constitutionality as applied. It could be argued that the voters could go so far as to completely eliminate Mont. Const. Art. II, § 16, without affecting the powers of the judicial branch of state government. For those reasons we

6

declined to exercise pre-election jurisdiction over this question.

IV

Are the Attorney General's statement of purpose and statement of implication untrue, misleading, and prejudicial?

The statutory procedure for opponents' challenges to an initiative's title (the statement of purpose and statement of implication prepared by the Attorney General) is set out at § 13-27-316(2), MCA. That section provides that the title of an initiative may be challenged in the District Court for Lewis and Clark County within ten days of the date of certification to the governor.

This Initiative was certified to the Governor on July 3, 1986. Plaintiffs failed to make any objection to the title under the procedure outlined in § 13-27-316(2), MCA, and have shown no reason justifying this failure. We conclude that this issue is exactly the type of challenge contemplated under § 13-27-316(2), MCA, and discussed more fully in our opinion in State ex rel. Boese v. Waltermire (Dec. 10, 1986), No. 86-383. We will not lightly interfere with the constitutional right of the people of Montana to make and amend our laws through the initiative process, nor with the legislature's protection of that right through statutory provision for timely challenges to initiative titles. We therefore declined to accept jurisdiction where the procedure in § 13-27-316(2), MCA, could have been, but was not, followed.

Plaintiffs' application for relief was denied without prejudice.

Justice

7

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 86-400

STATE OF MONTANA ex rel. Montanans
for the Preservation of Citizens'
Rights, the Montana State AFL-CIO;
the WOMEN'S LAW CAUCUS; TYNDALL COX;
GARY HENRICKS and PAM McCLAIN,
individually and as next friend of
her minor daughter, FELICIA McCLAIN,
          Plaintiffs and Relators,

          -v-

JIM WALTERMIRE, Secretary of State
of the State of Montana, MIKE GREELY,
Attorney General of the State of Montana;
GARY PRINGLE, Election Administrator and
Clerk and Recorder of Gallatin County,
Montana, individually and as representative
of the Class of All Election Administrators
and the Clerk and Recorders of the State of
Montana; and the STATE OF MONTANA,
          Defendants and Respondents,

          and

MONTANA LIABILITY COALITION,
          Real Party in Interest.

ORDER

Plaintiffs and Relators have filed an original proceeding in this Court for Writ of Injunction and other appropriate relief, in which they challenge the constitutionality of Constitutional Initiative 30, the "liability initiative." Briefs, motions, and other materials have been filed by Plaintiffs and Relators, Defendants and Respondents, and Real Party in Interest. Oral argument was held before the Court on this date. The Court has concluded it is advisable to immediately issue its Order to inform all parties of the result.

1

IT IS ORDERED:

(1)   That the Application for Writ of Injunction and Other Appropriate Relief is denied in its entirety, without prejudice to consideration of the issues in other proceedings.

(2)   That an opinion of this Court will be issued at a later date setting forth the basis for this Order.

DATED this 7th day of October, 1986.

_____
Chief Justice

_____

_____

_____

The Honorable Joseph B. Gary, sitting in place of Justice Frank B. Morrison, Jr., would grant the writ of injunction.


Justice John C. Sheehy and Justice William E. Hunt, Sr., dissenting:

We dissent and would grant the injunction.  Our opinion dissenting will follow in short order.

_____

_____
Justices

2