OPINION and ORDER
¶ 1 Petitioners brought an original proceeding in this Court pursuant to § 13-27-316, MCA, attacking the validity of Initiative 166. They request that this Court rule that the Attorney General and the Secretary of State did not comply with their responsibilities under law when they failed to act to bar 1-166 from appearing on the general election ballot. 1-166 is a ballot initiative that would establish that the policy of the State of Montana is that corporations are not entitled to constitutional rights and are not persons. It “charges” elected officials to implement the policy in part by acting to prohibit corporate political campaign spending and to limit political spending in elections. It further “charges”Montana’s congressional delegation with proposing an amendment to the United States Constitution establishing that corporations are not human beings entitled to constitutional rights.
¶2 The Montana Constitution, Art. Ill, sec. 4, empowers the people to enact laws by initiative on all matters except appropriations and local or special laws. Proponents of an initiative must gather a sufficient number of signatures on petitions that support placing the matter on the ballot. Prior to gathering signatures the proponents must submit to the Secretary of State the proposed text of the ballot issue along with a draft statement of the purpose of the initiative and a separate statement of the implications of a vote for or against the issue. The Secretary of State must submit the measure to the Legislative Services Division for review and thereafter to the Attorney General for review. Upon review by Legislative Services and upon approval of the Attorney General, the Secretary of State then notifies the proponents of the measure, who may begin gathering signatures. Section 13-27-202, MCA.
¶3 The Attorney General’s review is limited to determining the sufficiency of the ballot statements and a review of the ballot issue for legal sufficiency. Section 13-27-312, MCA. The statements must explain the purpose of the measure in 100 words or less and the implications of votes for or against, in 25 words or less. Section 13-27-312(2), MCA. The Attorney General’s legal sufficiency review determines whether the proposal complies with the applicable statutory and constitutional requirements. The legal sufficiency review *522 specifically “does not include consideration of the substantive legality of the issue if approved by the voters.” Section 13-27-312(7), MCA.
¶4 In the case of 1-166, the Secretary of State received the proposal and submitted it to Legislative Services and then to the Attorney General for review. The Attorney General revised the proponents’ statement of purpose but otherwise notified the Secretary of State that the proposal met the required legal sufficiency review. Upon notification by the Attorney General the Secretary of State notified the proponents of 1-166 that they could begin gathering signatures, as provided in §13-27-202. MCA.
¶5 The current petitioners, opponents of 1-166, contend that the ballot statements do not comply with law and that the Attorney General should not have approved them. They also contend that the initiative itself is unlawful on several grounds including that it is a resolution and not a law; that it improperly amends the Montana Constitution; and that it improperly directs elected representatives how to vote. They sued under § 13-27-316(2), MCA, which allows opponents of a ballot issue to contest the adequacy of the explanatory statements and of the Attorney General’s determination of legal sufficiency. They seek no other relief.
¶6 As previously explained, the Attorney General’s review for legal sufficiency is limited by law to determining whether the petition for a ballot issue complies with the statutory and constitutional requirements “governing submission of the proposed issue to the electors.” It does not include consideration “of the substantive legality of the issue if approved by the voters.” Section 13-27-312(7), MCA. However, the petitioners in this case seek to have this Court require that the Attorney General undertake precisely the substantive legal review that is excluded by law. By statute, the Attorney General had no power to review the substantive legality of 1-166. The petition does not allege nor does this Court find that the petition was legally insufficient as to the requirements for submission of a proposed ballot issue.
¶7 We have reviewed the explanatory statements that were approved by the Attorney General. Section 13-27-312(4), MCA, requires that the statements of purpose and of the implication of a vote must be “true and impartial” and must be in “easily understood language and may not be arguments or written so as to create prejudice for or against the issue.” The petitioners request that this Court either reject the statements approved by the Attorney General, or re-write them. Upon review of the statements we determine that they meet the requirements of §13-27-312(2) and (4), MCA.
*523 ¶8 Petitioners have not requested any other relief, see e.g. Harper v. Waltermire, 213 Mont. 425, 691 P.2d 826 (1984), and we decline to consider any such issues not properly pled.
¶9 For the reasons stated above, the petition is denied.
DATED this 10th day of August, 2012.
JUSTICES COTTER, RICE, WHEAT and MORRIS concur.