OP 13-0808

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 33

_____

MEA-MFT, the Montana State AFL-CIO, the
Montana Public Employees Association, the
Montana Human Rights Network, the American
Federation of State, County and Municipal
Employees, Montana Women Vote, and Western
Native Voice,

|  |  |
|---|---|
| Petitioners, | O P I N I O N |
|  | A N D |
| v. | O R D E R |

THE STATE OF MONTANA, HONORABLE
TIM FOX, in his capacity as Attorney General,

Respondent.

_____

¶1     Before the Court is an original proceeding filed pursuant to § 13-27-316(2), MCA. Following the Attorney General's response to the Petition, the Court ordered supplemental briefing by the parties and granted leave for the filing of additional briefs by amici curiae AARP, Montana League of Women Voters, Montana Conservation Voters, and the American Civil Liberties Union.

¶2     The Petition challenges the legal sufficiency of LR-126, a referendum passed by the 63rd Montana Legislature and submitted to the people for a vote pursuant to Article III, Section 5 of the Montana Constitution.  The purpose of the measure is to eliminate election-day voter registration and require all electors to register or to change their voter

registration information by 5:00 p.m. on the last Friday immediately preceding election day. The Legislature directed that the measure be placed on the ballot at the general election to be held in November 2014. If approved, the measure would take effect immediately. The Montana Secretary of State submitted the referendum to the Attorney General pursuant to § 13-27-209, MCA, for review and preparation of ballot statements in accordance with §§ 13-27-312 and -315, MCA.

¶3 Petitioners challenge the legal sufficiency of the measure on the ground that the title of the bill passed by the Legislature, which will appear on the ballot, is inaccurate and misleading. The bill title provides in full:

> AN ACT PROTECTING THE INTEGRITY OF MONTANA ELECTIONS BY ENDING LATE VOTER REGISTRATION ON THE FRIDAY BEFORE ELECTION DAY AND ELIMINATING ELECTION DAY REGISTRATION; ENSURING COMPLIANCE WITH THE NATIONAL VOTER REGISTRATION ACT; PROVIDING THAT THE PROPOSED ACT BE SUBMITTED TO THE QUALIFIED ELECTORS OF MONTANA AT THE GENERAL ELECTION TO BE HELD IN NOVEMBER 2014; AMENDING SECTIONS 13-2-301, 13-2-304, 13-19-207, AND 61-5-107, MCA; AND PROVIDING AN EFFECTIVE DATE.

¶4 As required by § 13-27-315, MCA, the Attorney General prepared a statement of purpose and implication for the legislative referendum, which also will appear on the ballot together with the "yes" or "no" statements on which the elector will cast his or her vote. The Attorney General's statement reads as follows:

> The 2013 Legislature submitted this proposal for a vote. LR-126 changes the deadline for late voter registration from the close of polls on election day to 5:00 p.m. on the Friday before the election. LR-126 also moves the deadline for changes to an elector's voter registration information from the close of polls on election day to 5:00 p.m. on the Friday before the election.

2

Petitioners take issue with the bill title's reference to the National Voter Registration Act (NVRA), which they argue has nothing to do with election-day voter registration. Petitioners and amici argue that, as written, the ballot violates the constitutional requirement that a bill's subject be "clearly expressed" in its title. Mont. Const., Art. V, § 11(3). Further, they contend that the title will mislead voters by suggesting that ending same-day voter registration is required by the NVRA and federal law, which is false. Petitioners argue that the Attorney General's ballot statement "only furthers this confusion by making no reference to, or providing any explanation of, the NVRA language." They ask that LR-126 be stricken from the ballot because the Court has no power to reform or amend the title and the measure suffers from a constitutional infirmity in form.

¶5 The Attorney General responds that the bill does contain language relating to NVRA compliance that was included to address concerns raised by legislative staff during the drafting process. That language, the Attorney General submits, is accurately summarized in the bill's title. The Attorney General argues that Petitioners' challenge exceeds the scope of his legal sufficiency review of a measure submitted by the Legislature.

¶6 Congress passed the NVRA in 1993 to require states to implement measures to make voter registration easier. Pub. L. No. 103-31, 107 Stat. 77 (1993). Nicknamed the "motor voter" law, the NVRA requires in part that states provide a voter registration form with every driver's license application. 42 U.S.C. § 1973gg-3. States that already had

3

election-day voting registration in 1993 were exempt from the Act. 42 U.S.C. § 1973gg-2(b). Montana did not adopt election-day voter registration until 2005. 2005 Mont. Laws ch. 286 (codified in § 13-2-304, MCA). As such, Montana was and still is subject to the NVRA and its provisions for federal enforcement and oversight. Montana complies with the NVRA by requiring a voter registration form, prescribed by the Secretary of State, to be attached to each driver's license application and forwarded by the Department of Justice to the election administrator if the applicant wishes to register to vote. Section 61-5-107(1), MCA.

¶7 During the bill drafting process for what is now LR-126, a member of the Legislature's staff entered the following note on the Bill Draft Checklist Report:

> If same day voter registration is repealed, Ntl. Voter Registration Act becomes applicable and each driver's license application serves as a concurrent voter registration. MT does provide for driver's license registrations (61-5-107) but it is not clear whether the forms prescribed by the Secretary of State are compliant with 42 USC § 1973gg-3 without reviewing the forms themselves.

In response to the note, the bill draft was revised to include express reference to the NVRA, 42 U.S.C. § 1973gg, et seq., in § 61-5-107(1), MCA. That insertion was made to clarify that the form prescribed by the Secretary of State be compliant with federal law. The title's reference to the NVRA was added as well. Raising concerns about voter confusion, the Secretary of State's office contacted the bill's sponsor to clarify Montana's existing compliance with NVRA and suggested removing the NVRA language from the bill title. Some legislators proposed amendments to strike the title language, but the amendments were defeated and the bill passed as proposed.

4

¶8      Article V, Section 11(3), of the Montana Constitution provides:

> Each bill, except general appropriation bills and bills for the codification and general revision of the laws, shall contain only one subject, clearly expressed in its title. If any subject is embraced in any act and is not expressed in the title, only so much of the act not so expressed is void.

This section is substantively identical to its predecessor, Article V, Section 23 of the 1889 Montana Constitution. This Court has long given "liberal construction" to this provision of the Constitution in granting deference to the Legislature to fix the title of its own acts, "bearing in mind that the legislature is a co-ordinate [sic] branch of the government, and that its action, if fair, should be sustained . . . ." *State v. McKinney*, 29 Mont. 375, 381, 74 P. 1095, 1096 (1904). The Court recognized in *McKinney* that "[t]he title is generally sufficient if the body of the Act treats only, directly or indirectly, of the subjects mentioned in the title, and of other subjects germane thereto, or of matters in furtherance of or necessary to accomplish the general objects of the Bill, as mentioned in the title." *McKinney*, 29 Mont. at 381-82, 74 P. at 1096. We have followed the same reasoning in considering challenges to ballot measure titles. *See State ex rel. Wenzel v. Murray*, 178 Mont. 441, 585 P.2d 663 (1978); *Harper v. Greeley*, 234 Mont. 259, 763 P.2d 650 (1988). The Court "'has no right to hold a title void because, in its opinion, a better one might have been used.'" *Harper*, 234 Mont. at 266, 763 P.2d at 655 (quoting *McKinney*, 29 Mont. at 381, 74 P. at 1096).

¶9      Petitioners and amici emphasize that Montana's compliance with the motor-voter requirements of the NVRA is not in question and that elimination of same-day registration is not required by federal law, nor will it affect Montana's motor-voter

compliance. Accordingly, they argue that the amendments in the bill were unnecessary and the title will mislead voters to think that the measure must be approved in order to meet federal mandates. They note our observation in *Harper*, again quoting *McKinney*, that one of the five guiding principles in a court's review of a bill title is to "'guard against fraud in legislation, and against false and deceptive titles.'" *Harper*, 234 Mont. at 266, 763 P.2d at 655.

¶10 As in *Harper*, even though the language of the title "may not be the best conceivable statement," we are reluctant to take the extraordinary step of nullifying its placement on the ballot. *Harper*, 234 Mont. at 269, 763 P.2d at 657. The Legislature has discretion in determining what matters are "in furtherance of or necessary to accomplish the general objects of [a] Bill." *McKinney*, 29 Mont. at 382, 74 P. at 1096. Even if the referendum's explicit reference to NVRA compliance was unnecessary, it is a basic maxim of jurisprudence that "[s]uperfluity does not vitiate." Section 1-3-228, MCA. Applied, as we must, "to maintain the maximum power in the people" in the exercise of the initiative and referendum power, *Chouteau County v. Grossman*, 172 Mont. 373, 378, 563 P.2d 1125, 1128 (1977), *overruled on other grounds*, *Town of Whitehall v. Preece*, 1998 MT 53, ¶ 27, 288 Mont. 55, 956 P.2d 743, these principles counsel in favor of allowing the measure to proceed to a vote.

¶11 We agree with the Attorney General that his legal sufficiency review does not authorize him to withhold a legislative referendum from the ballot for an alleged substantive constitutional infirmity. *Montanans Opposed to I-166 v. State of Montana*,

6

2012 MT 168, ¶ 6, 365 Mont. 520, 285 P.3d 435. We agree with Petitioners, however, that—standing alone—the title's reference to NVRA compliance alongside the elimination of election-day voter registration may lead to confusion in the voting booth. It is clear that the NVRA does not affect a state's right to decide for itself whether or not to allow election-day voter registration. As we noted in *Harper*, the ballot language must "identify the measure on the ballot so that a Montana voter, drawing on both official and unofficial sources of information and education, will [be able to] exercise his or her political judgment." *Harper*, 234 Mont. at 269, 763 P.2d at 657. As Petitioners observe, the Attorney General's statement of purpose and implication, which is well short of the 135-word maximum allowed by § 13-27-312(2)(a), MCA, says nothing about the NVRA language in the referendum. The Court is authorized in a proceeding of this nature to direct the Attorney General to revise the ballot statement. Section 13-27-316(3)(c)(ii), MCA. In order to dispel confusion, the Court determines it appropriate to order revision of the statement of purpose to clarify that the NVRA does not require elimination of election-day voter registration. The Court will leave the drafting of the revised statement to the Attorney General.

¶12 IT IS THEREFORE ORDERED that the Petitioners' request to declare LR-126 legally deficient and void and to order its removal from the ballot is DENIED.

¶13 IT IS FURTHER ORDERED that, pursuant to § 13-27-316(3)(c)(ii), MCA, the Attorney General shall revise the statement of purpose and implication for the

7

referendum in accordance with this Opinion and Order to clarify the bill title's reference to the National Voter Registration Act.

¶14 The Clerk is directed to provide notice of this Order to all counsel of record and the Montana Secretary of State.

DATED this \_\_\_\_ day of February, 2014.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

Justice Michael E Wheat, dissenting.

¶15 I would grant Petitioners' request to strike LR-126 from the ballot. It is undeniable that same day voter registration has absolutely nothing to do with compliance with the NVRA. Thus, the statement in the title of LR-126 to the contrary is a fatal defect that cannot be cured. The Legislature was made aware of this defect by the Secretary of State, and others, while Senate Bill 405 (LR-126 in legislative bill draft form) was working its way through the legislative process. In spite of these warnings, the Legislature passed Senate Bill 405 with the defective, misleading language in the title.

¶16 It now will go back to the Attorney General to revise the ballot statement "to clarify that the NVRA does not require elimination of election-day voter registration." I am skeptical that the defect can be cured, but anxious to see how the Attorney General

8

works his magic.  Of course, Petitioners will have to review the revised ballot statement to determine whether they believe the defect has been cured.


/S/ MICHAEL E WHEAT