FILED

10/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0513



IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0513

WRONG FOR MONTANA, and STEPHEN A.
ZABAWA,

        Petitioners,

    v.

TIMOTHY CHARLES FOX, COREY
STAPLETON, and the STATE OF MONTANA,

        Respondents.

FILED

OCT 2 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

        Petitioners, Wrong for Montana and Stephen A. Zabawa (collectively, "WFM"), seek declaratory judgment on original jurisdiction pursuant to Article VII, Sections 1 and 2, of the Montana Constitution, and M. R. App. P. 14(4). WFM seeks to challenge the substantive constitutionality of Ballot Initiative No. 190 ("I-190") regarding the legalization and taxation of marijuana and marijuana products on the grounds that I-190, if passed, will create an appropriation that violates Article III, Section 4(1), of the Montana Constitution.

        Pursuant to M. R. App. P. 14(4), an original proceeding in the form of a declaratory judgment action may be commenced in this Court when urgency or emergency factors make litigation in the trial courts and the normal appeal process inadequate and the case involves purely legal questions of statutory or constitutional interpretation that are of statewide importance. In its petition, WFM argues, with no further explanation or argument, that "the imminence of 2020 [sic] election provides the urgency underlying the necessity of original jurisdiction[.]" A single conclusory statement asserting urgency does not suffice to satisfy the requirement of M. R. App. P. 14(4).

        More to the point, we have previously held that a challenge to a ballot measure based on an alleged substantive constitutional infirmity is not an appropriate basis on which to

invoke this Court's original jurisdiction. *Hoffman v. State*, 2014 MT 90, 374 Mont. 405, 328 P.3d 604. In *Hoffman*, the petitioners challenged a proposed ballot initiative on the grounds that it violated a number of constitutional provisions, including Article III, Section 4(1), of the Montana Constitution, the precise challenge WFM alleges in this case. In denying the petition in *Hoffman*, we noted:

> The statutes governing the process for submission of initiatives and referenda and legal challenges thereto were substantially amended in 2007. 2007 Mont. Laws ch. 481. Under the laws as amended, this Court may exercise original jurisdiction *only* to review the proposed ballot statements for initiatives and referenda and to review the Attorney General's legal sufficiency determination. *The statute does not confer original jurisdiction for any other purposes.* Section 3-2-202(3)(a), MCA. Prior to the 2007 amendments, the statute provided for this Court's consideration of a "constitutional defect in the substance of a proposed ballot issue[.]" Section 3-2-202(3)(a)(ii), MCA (2005). That provision was removed. 2007 Mont. Laws ch. 481, § 1.

*Hoffman*, ¶ 10 (emphasis added).

We express no opinion on the merits of WFM's constitutional challenge, nor to its right to pursue this challenge in district court. However, WFM's claim does not present an appropriate basis on which to invoke this Court's original jurisdiction. Even if it did, WFM has wholly failed to establish that urgency or emergency factors make litigation in the trial courts and the normal appeal process inadequate.

IT IS THEREFORE ORDERED that the Petition for Declaratory judgment on Original Jurisdiction is DENIED and DISMISSED.

The Clerk is directed to provide notice of this Order to all counsel of record.

DATED this 21ˢᵗ day of October, 2020.

_____
Chief Justice

_____

_____

2

_____

_____

_____

_____
Justices