FILED

11/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0109

DA 22-0109

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 234

NETZER LAW OFFICE, P.C. and
DONALD L. NETZER,

Plaintiffs and Appellants,

v.

STATE OF MONTANA by and through
AUSTIN KNUDSEN in his official capacity
as Attorney General and LAURIE ESAU,
Montana Commissioner of Labor and Industry,

Respondents and Appellees.

APPEAL FROM: District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DV-21-89
Honorable Olivia Rieger, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Jared R. Wigginton, Good Steward Legal, PLLC, Whitefish, Montana

Joel G. Krautter, Netzer Law Office, P.C., Sidney, Montana

For Appellees:

Austin Knudsen, Montana Attorney General, David M.S. Dewhirst,
Solicitor General, Brent Mead, Assistant Solicitor General, Helena,
Montana

Emily Jones, Special Assistant Attorney General, Jones Law Firm,
PLLC, Billings, Montana

Submitted on Briefs:  October 5, 2022

Decided:  November 16, 2022

Filed:

_____

Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    This is an appeal from a Seventh Judicial District Court order denying an application filed by Netzer Law Office, P.C. and Donald L. Netzer (collectively, "Netzer")[1] to preliminarily enjoin the State of Montana from enforcing House Bill 702, as enacted by the Montana State Legislature and signed by the Governor.

¶2    We restate the issues on appeal as follows:

*Issue One:  Did the District Court err by not evaluating whether House Bill 702 contained only one subject, clearly expressed in its title, as required by Article V, Section 11(3), of the Montana Constitution?*

*Issue Two:  Did the District Court manifestly abuse its discretion in declining to preliminarily enjoin § 49-2-312, MCA, based on alleged infringement of Netzer's fundamental rights?*

*Issue Three:  Did the District Court err by not evaluating § 49-2-312, MCA, under any level of constitutional scrutiny?*

We affirm in part and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    During the 2021 legislative session, the Montana State Legislature passed HB 702, codified as § 49-2-312, MCA.  The bill was titled "An act prohibiting discrimination based on a person's vaccination status or possession of an immunity passport; providing an exception and an exemption; providing an appropriation; and providing effective dates."

---

[1] Netzer Law Office, as a corporation, is not entitled to the same constitutional protections and remedies as citizens, such as the fundamental rights in Article II, Section 3, of the Montana Constitution at issue in this case.  For simplicity and clarity, this Opinion collectively refers to the Netzer Law Office and Netzer, as an individual, as "Netzer."

Sections 1, 2, 4, 5, and 6 of the bill went into effect on May 7, 2021; Section 3 went into effect on July 1, 2021.

¶4    The bill declared the following as unlawful discriminatory practices:

>      (a) a person or a governmental entity to refuse, withhold from, or deny to a person any local or state services, goods, facilities, advantages, privileges, licensing, educational opportunities, health care access, or employment opportunities based on the person's vaccination status or whether the person has an immunity passport;
>      (b) an employer to refuse employment to a person, to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment based on the person's vaccination status or whether the person has an immunity passport; [and]
>      (c) a public accommodation to exclude, limit, segregate, refuse to serve, or otherwise discriminate against a person based on the person's vaccination status or whether the person has an immunity passport.

Section 49-2-312(1)(a-c), MCA. The statute allows employers to recommend that an employee receive a vaccine and provides certain accommodations for health care facilities to obtain the vaccination status of employees, but does not allow those facilities to require employees, patients, or visitors to be vaccinated. Section 49-2-312(3)(a-b), MCA.[2] That prohibition does not apply to schools or daycare facilities. Section 49-2-312(2), MCA.

¶5    As noted by the District Court, the COVID-19 pandemic continues to spread across Montana.[3] The SARS-Co-V-2 virus, which causes COVID-19 infections, transmits itself through respiratory fluids. Exposure to the virus occurs predominately through three ways: inhalation of respiratory droplets and aerosol particles; droplets and particles encountering

---

[2] Further, "[a]n individual may not be required to receive any vaccine whose use is allowed under an emergency authorization or any vaccine undergoing safety trials." Section 49-2-312(4), MCA.

[3] Facts are restated from the District Court's findings of fact.

4

exposed mucous membranes; and the touching of hands spotted with virus-containing respiratory fluids to mucous membranes. Though HB 702 became law during the COVID-19 pandemic, its provisions apply to all vaccines.

¶6 The Center for Disease Control (CDC) identified numerous ways to prevent the spread of COVID-19. Vaccination is one such way but breakthrough infections—instances in which vaccinated individuals are infected by the virus and have the capacity to spread the virus to others—do occur. Furthermore, vaccines vary in their effectiveness based on the reaction of each person's body; no vaccine is 100% effective against a disease. Regular testing, wearing a mask, washing hands, and working from home are strategies that vaccinated and non-vaccinated individuals can use to reduce the odds of being infected with and spreading COVID-19.

¶7 Netzer is an employee and majority shareholder of Netzer Law Office, which employs three attorneys and two legal assistants. On October 26, 2021, in response to the ongoing COVID-19 pandemic, Netzer sought to preserve the ability to enforce a vaccine mandate on current and prospective employees by filing this action and simultaneously applying to enjoin the State's enforcement of HB 702. Netzer alleged that the statute violated several of his fundamental rights as set forth in the Montana Constitution. On November 15, 2021, the State responded by opposing the application for a preliminary injunction and moving to dismiss the case.

¶8 On December 14, 2021, the District Court held a hearing on Netzer's motion for a preliminary injunction. On February 1, 2022, the court issued its Findings of Fact, Conclusions of Law, and Order Denying Plaintiffs' Application for Preliminary Injunction.

5

The court concluded that Netzer failed to satisfy his burden of establishing a prima facie case that he will suffer irreparable harm caused by the implementation of the law prior to the final resolution of the case on the merits. Given that shortcoming, the court did not assess which level of constitutional scrutiny should apply to the law. The court dismissed Netzer's claim that the title of HB 702 violated Article V, Section 11(3), of the Montana Constitution as "redundant" because the bill's title does not appear in the codified text, § 49-2-312, MCA.

## STANDARD OF REVIEW

¶9     We review a district court's grant or denial of a preliminary injunction for a manifest abuse of discretion. *Stand Up Mont. v. Missoula Cty. Pub. Schs.*, 2022 MT 153, ¶ 6, 409 Mont. 330, 514 P.3d 1062. This review does not include a review of the underlying merits of the case. *Benefis Healthcare v. Great Falls Clinic, Ltd. Liab. P'ship*, 2006 MT 254, ¶ 19, 334 Mont. 86, 146 P.3d 714. A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason, resulting in a substantial injustice. *Stand Up Mont.*, ¶ 6. The abuse of a district court's discretion must be obvious, evident, or unmistakable to constitute a manifest abuse of discretion. *Stand Up Mont.*, ¶ 6.

¶10     The legal conclusions of a district court receive de novo review by this Court. *Stand Up Mont.*, ¶ 6. If a district court relied on legal conclusions to rule on a motion for preliminary injunction, we review whether the district court correctly interpreted the law. *Driscoll v. Stapleton*, 2020 MT 247, ¶ 12, 401 Mont. 405, 473 P.3d 386. A district court's findings of fact receive clear error review. *Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont.

6

167, 434 P.3d 241. Clearly erroneous findings of fact lack support by substantial evidence, result from the district court's misapprehension of the effect of evidence, or emerge from what this Court is convinced was a mistake by the district court. *Larson*, ¶ 16.

**DISCUSSION**

¶11 *Issue One: Did the District Court err by not evaluating whether House Bill 702 contained only one subject, clearly expressed in its title, as required by Article V, Section 11(3), of the Montana Constitution?*

¶12 Netzer argues that the District Court should have voided HB 702 because its title misled the public and members of the Legislature about the subjects it embraced in violation of the Montana Constitution. Netzer specifically claims that the title violated Article V, Section 11(3), of the Montana Constitution, which requires that:

> Each bill, except general appropriation bills and bills for the codification and general revision of the laws, shall contain only one subject, clearly expressed in its title. If any subject is embraced in any act and is not expressed in the title, only so much of the act not so expressed is void.

According to Netzer, a constitutionally permissible title would have referred to the effect the bill had on vaccine mandates. The District Court did not examine this issue because it determined that the codified version of HB 702 did not contain the bill's title, which rendered Netzer's claim "redundant."

¶13 Codification of a bill does not render a court's analysis of whether a bill's title satisfies the single-subject requirement moot or "redundant." For many years, this Court has assessed the constitutionality of a bill's title, despite the codification of that bill.

7

*See, e.g., State v. Cunningham*, 35 Mont. 547, 90 P. 755 (1907).[4] Nothing in the record or in the briefs of the respective parties justifies the district court abandoning that practice. This Court remands with instructions for the District Court to evaluate HB 702 under Article V, Section 11(3), of the Montana Constitution, as it considers the merits of Netzer's other claims.

¶14 *Issue Two: Did the District Court manifestly abuse its discretion in declining to preliminarily enjoin § 49-2-312, MCA, based on alleged infringement of Netzer's fundamental rights?*

¶15 This issue turns on whether Netzer has demonstrated that the District Court manifestly abused its discretion in determining that Netzer will not suffer harm prior to final resolution on the merits of each of his claims of infringement of his fundamental rights. Our decision is narrow, as it is well established that a court does not decide the merits of a claim in a preliminary injunction proceeding; rather, it must remain focused on the limited purpose of a preliminary injunction—to preserve the status quo *and* minimize the harm pending final resolution on the merits. *Driscoll*, ¶ 14 (citations omitted).

¶16 Section 27-19-201, MCA, provides that a preliminary injunction may be granted in the following cases:

> (1) when it appears that the applicant is entitled to the relief demanded and the relief or any part of the relief consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
> (2) when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant . . . .

---

[4] Article V, Section 11(3), of the Montana Constitution is "substantively identical" to Article V, Section 23, of the 1889 Montana Constitution. *MEA-MFT v. State*, 2014 MT 33, ¶ 8, 374 Mont. 1, 318 P.3d 702.

These sections are written in the disjunctive. *BAM Ventures, LLC v. Schifferman,* 2019 MT 67, ¶ 14, 395 Mont. 160, 437 P.3d 142. In *BAM*, we held that "all requests for preliminary injunctive relief require some demonstration of threatened harm or injury, whether used under the 'great or irreparable injury' standard of subsection (2), or the lesser degree of harm implied within the other subsections of § 27-19-201, MCA." *BAM*, ¶ 16. "In considering whether to issue a preliminary injunction, a district court must exercise its otherwise broad discretion only in furtherance of the limited purpose of a preliminary injunction: to preserve the status quo and minimize the harm to all parties pending final resolution on the merits." *Driscoll*, ¶ 14 (citations omitted).

¶17 If a preliminary injunction will not accomplish its limited purpose, then it should not issue. In *Davis v. Westphal,* we explained that preliminary injunctive relief is an equitable remedy governed by general principles of equity codified in Title 27, chapter 19, MCA, and that injunctive relief is an extraordinary remedy not available as a matter of right. 2017 MT 276, ¶ 24, 389 Mont. 251, 405 P.3d 73. Further, "injunctive relief is highly discretionary and critically dependent on the particular facts, circumstances, and equities of each case." *Davis*, ¶ 24. Where appropriate on balance of the equities, injunctive relief is available as a supplemental remedy to afford complete relief on a claim. Thus, "even on proof of any grounds enumerated in § 27-19-201, MCA, a preliminary injunction should not issue absent an accompanying prima facie showing, or showing that it is at least uncertain, that the applicant will suffer irreparable injury prior to the final resolution on the merits." *Davis*, ¶ 24; *see Porter v. K & S Partnership*, 192 Mont. 175, 181, 627 P.2d 836, 839 (1981); *Rea Bros. Sheep Co. v. Rudi*, 46 Mont. 149, 160, 127 P. 85, 87 (1912). With

9

these principles in mind, we turn to whether the District Court manifestly abused its discretion in denying Netzer's request for preliminary injunctive relief pending final resolution on the merits.

¶18 Considering § 27-19-201(1), MCA, the District Court, after a review of the alleged economic harms, concluded that Netzer failed to make out the requisite prima facie case. The District Court relied on substantial evidence, such as evidence from the CDC, to reach its conclusion that the potential economic losses alleged by Netzer would have occurred even if the injunction had been granted. For example, if Netzer could enforce vaccine mandates on its employees, the firm would likely still have to provide clients and guests, as well as employees, with masks. Similarly, Netzer failed to set forth sufficient facts to show that enforcement of vaccine mandates would allow the firm to avoid office closures due to outbreaks. The court noted that such closures could occur where individuals are vaccinated. The alleged economic harm to the law firm is minimal. Without addressing the appropriateness of equitable injunctive relief where economic damages may suffice, we conclude the court did not manifestly abuse its discretion in finding Netzer had not demonstrated he would suffer an injury prior to final resolution on the merits sufficient to justify supplemental preliminary injunctive relief based on § 27-19-201(1), MCA.

¶19 Next, we focus our inquiry on § 27-19-201(2), MCA, and Netzer's claims that § 49-2-312, MCA, violates certain fundamental rights afforded to him and his employees by the Montana Constitution—namely, the right to a clean and healthful environment, the right to pursue life's basic necessities, the right to enjoy and defend one's life and liberties, the right to acquire, possess and protect property, and the right to seek health and safety.

10

Netzer argues that the District Court manifestly abused its discretion by not concluding that enforcement of § 49-2-312, MCA, would infringe those rights.

¶20    The loss of a constitutional right constitutes harm or irreparable injury for the purposes of issuing a preliminary injunction. *Mont. Democratic Party v. State*, 2020 MT 244, ¶ 15, 401 Mont. 390, 472 P.3d 1195; *see Driscoll*, ¶¶ 20, 24-25 (concluding that a district court did not abuse its discretion by enjoining legislation where the evidentiary record demonstrated the likelihood of irreparable injury due to the loss of a right to vote). Although Netzer alleges the violation of several constitutional rights, he still must demonstrate, as with all subsections of § 27-19-201, MCA, that, upon balance of the equities, facts, and particular circumstances of his case, he would suffer an irreparable injury prior to final resolution on the merits if the highly discretionary relief of preliminary injunctive relief were not granted.

**The Right to a Clean and Healthful Environment**

¶21    The Montana Constitution establishes an inalienable right "to a clean and healthful environment." Mont. Const. art II, § 3. Netzer interprets "environment" to include indoor environments. The District Court, like Netzer, found that "environment" as used in Article II, Section 3, of the Montana Constitution includes indoor environments. Still, because the court did not find that § 49-2-312, MCA, prevented Netzer from enjoying a clean and healthful environment in his office, it concluded that his fundamental right had not been infringed. The court noted that § 49-2-312, MCA, did not prevent Netzer or any other employer from taking myriad measures to reduce the odds of the indoor environment being a threat to the health of any employee.

11

¶22 The District Court did not manifestly abuse its discretion in determining that § 49-2-312, MCA, would not cause Netzer to suffer an irreparable injury prior to final resolution on the merits. As noted by the court, § 49-2-312, MCA, does not thwart employers from taking other significant and effective measures to maintain a clean and healthful environment in their office. The District Court considered the facts and particular circumstances of the case and concluded that it was not reasonable to enjoin the statute because Netzer would not suffer an irreparable injury prior to final resolution on the merits. We conclude there was no manifest abuse of discretion.

**The Right to Pursue Life's Basic Necessities**

¶23 Article II, Section 3, of the Montana Constitution grants Montanans the right to "pursue life's basic necessities." Netzer regards the right to safely operate a business as one such necessity and claims that § 49-2-312, MCA, would unconstitutionally infringe on his pursuit of that necessity. The District Court agreed with Netzer that the right includes owning and operating a business, but Netzer did not identify any means by which § 49-2-312, MCA, would interfere with the right and the various pursuits to which it applies and protects.

¶24 Netzer did not establish a prima facie case that he would suffer, prior to trial, an irreparable injury due to the alleged unconstitutional burden imposed by § 49-2-312, MCA, on his right to pursue life's basic necessities. The court exercised its discretion under the particular facts and circumstances of this case to conclude that considerations of equity did not justify issuing a preliminary injunction before trial on the merits. The court reasoned that Netzer had not demonstrated how the inability to fire and hire employees based on

12

vaccination status would prevent him from pursuing the ownership and operation of his business. We conclude the court did not manifestly abuse its discretion.

**The Right to Enjoy and Defend One's Life and Liberties**

¶25 Article II, Section 3, of the Montana Constitution grants Montanans the right of "enjoying and defending their lives and liberties[.]" The District Court agreed with Netzer that the right applies to more situations than just the exercise of self-defense when faced with an unlawful use of force—the State, however, maintains that the right solely covers that latter situation. The court, however, refrained from explicitly endorsing Netzer's interpretation—that "[t]he plain language of [the right] necessarily includes the right to defend against deadly diseases and government actions that unnecessarily or seriously threaten one's life by increasing exposure to such diseases"—prior to trial on the merits. Instead, the court acknowledged that the right was broader than the State's interpretation.

¶26 However, the District Court determined that Netzer failed to establish a prima facie case that he would suffer, prior to trial, an irreparable injury. The court concluded that § 49-2-312, MCA, does not stop employees and employers alike from taking myriad steps to reduce the odds of their exposure to the COVID-19 virus. The court reasoned that the purpose of the statute, protecting the public's welfare by reducing a form of discrimination in the workplace, is an appropriate exercise of the State's police power. We make no conclusions as to the ultimate merits of Netzer's claim; we only conclude that the court's rationale was not arbitrary, unreasonable, or resulted in a substantial injustice under these particular facts and circumstances. The court's decision to deny preliminary injunctive relief did not constitute a manifest abuse of discretion.

13

**The Right to Acquire, Possess and Protect Property**

¶27 Article II, Section 3, of the Montana Constitution grants Montanans the right of "acquiring, possessing and protecting property[.]" Netzer claims that § 49-2-312, MCA, infringes his ability to protect and manage his property—the Netzer Law Firm offices.

¶28 The District Court determined that § 49-2-312, MCA, does not impose any unjust limitations on Netzer with respect to the operation of the Netzer Law offices. As the court pointed out, Netzer is not foreclosed from protecting his property through the implementation of numerous and effective health and safety measures through trial on the merits. We conclude the court's rationale was not unreasonable, arbitrary, or that it resulted in a substantial injustice and, therefore, the court did not manifestly abuse its discretion in denying preliminary injunctive relief prior to final resolution on the merits.

**The Right to Seek Safety, Health, and Happiness**

¶29 Article II, Section 3, of the Montana Constitution grants Montanans the right to seek "their safety, health and happiness[.]" Netzer alleges that this right grants him the authority to implement "proven health and safety measures during an ongoing pandemic[.]" The right's reference to "health" carries great weight in Netzer's interpretation of its meaning. Citing only the ordinary meaning of "health" and an isolated quote from the 1972 Montana Constitutional Convention,[5] he concludes that the "undisputed plain language of this provision supports" his position. Netzer does not cite any caselaw in support of his interpretation.

---

[5] "[L]ife without health is a very sorry proposition." Montana Constitutional Convention, Verbatim Transcripts, March 7, 1972, Vol. V, 1637.

14

¶30 The District Court reasoned that while Montanans have a right to seek health, they must comply with lawful state regulations while doing so. "[T]he right to seek health is circumscribed by the State's police power to protect the public health and welfare." *Mont. Cannabis Indus. Ass'n v. State*, 2012 MT 201, ¶ 22, 366 Mont. 224, 286 P.3d 1161 (internal citation omitted). The State explained the purpose of § 49-2-312, MCA, as protecting the public's welfare by reducing a form of discrimination in the workplace.

¶31 Netzer's opening brief used four sentences—one of which stated the law and another his conclusion—to allege this error. Given the particular facts and circumstances of this case, two sentences will not suffice to demonstrate the District Court manifestly abused its discretion in denying preliminary injunctive relief for this claim. Netzer did not establish a prima facie case that enforcement of § 49-2-312, MCA, should be enjoined on the balance of equities prior to trial on the merits.

¶32 *Issue Three: Did the District Court err by not evaluating § 49-2-312, MCA, under any level of constitutional scrutiny?*

¶33 Netzer asserts that the District Court incorrectly failed to declare § 49-2-312, MCA, unconstitutional because the law infringes on fundamental rights and the State did not demonstrate both a compelling state interest and that § 49-2-312, MCA, is closely tailored to effectuate that interest.

¶34 The government need not demonstrate that a law survives strict scrutiny or any level of scrutiny where the movant fails to make out a prima facie case of a violation of its constitutional rights. *See Driscoll*, ¶ 39. For the reasons stated above, Netzer failed to

make a prima facie case of an infringement of any of the constitutional rights he advanced through trial on the merits.

¶35 The District Court did not manifestly abuse its discretion. Given Netzer's failure to shift the burden to the State, the court had no obligation to review which level of scrutiny it may have applied to a review of the constitutionality of the statute.

## CONCLUSION

¶36 We remand with instructions that the District Court evaluate HB 702 under Article V, Section 11(3), of the Montana Constitution. In all other respects, we conclude the court's rationale was not unreasonable, arbitrary, or that it resulted in a substantial injustice and, therefore, the court did not manifestly abuse its discretion in denying injunctive relief prior to resolution of the final merits. The District Court properly denied Netzer's motion for preliminary injunction.

¶37 Affirmed in part and remanded for further proceedings consistent with this Opinion.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE

16