FILED

08/18/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 16-0453

OP 16-0453

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 200

_____

MONTANA AFL-CIO, MONTANA TAXPAYERS
ASSOCIATION, MEA-MFT, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL 233 ("IBEW Local 223"), DUANE
ANKNEY, JIM KEANE, and JEFFREY WELBORN,

Petitioners,

v.

LINDA McCULLOCH, in her Capacity as Montana
Secretary of State, MONTANANS FOR RESEARCH
AND CURES, a ballot committee, RANDY GRAY,
and MOLLY BELL,

Respondents.

_____

O P I N I O N
A N D
O R D E R

_____

¶1     Before the Court is a Petition for Declaratory and Injunctive Relief seeking to invoke this Court's original jurisdiction pursuant to M. R. App. P. 14(4). The Petition challenges the constitutionality of Initiative No. 181 (I-181) and seeks an order enjoining the Secretary of State from certifying I-181 for the November 2016 general election ballot. At the Court's invitation, Respondent Montanans for Research and Cures has submitted its written opposition to the Petition. For the reasons explained below, the Court denies the Petition.

**BACKGROUND**

¶2     I-181 proposes to enact the "Montana Biomedical Research Authority Act" (Act), a law to establish the Montana Biomedical Research Authority (Authority) to review

proposals and award grants, funded by state general obligation bonds, to non-profit and for-profit entities for the purpose of promoting the development of therapies and cures for brain diseases and injuries and mental illnesses, including Alzheimer's disease, Parkinson's disease, brain cancer, dementia, traumatic brain injury, and stroke. The measure would authorize the creation of state bond debt up to $20 million per year for a period of ten years.

¶3 The proposed legislation authorizes the Authority to request issuance of bonds or incurrence of debt, to invest funds not required for immediate use, and to contract in its own name for investment of funds or for any other purposes the Authority considers appropriate to carry out its duties under the Act. I-181 would authorize creation of state debt up to a cumulative $200 million, establish a biomedical research fund "outside the state treasury," require the board of examiners to issue and sell bonds of the state upon the Authority's request, and express to the Legislature the people's "inten[t] and request" for implementing legislation to appropriate startup costs and to provide for a statutory appropriation of monies in the biomedical research fund.[1]

¶4 The initiative was prepared and sponsored by Montanans for Research and Cures, a Montana registered ballot issue committee. Respondents Randy Gray and Molly Bell are the registered officers of Montanans for Research and Cures. Secretary of State

---

[1] The board of examiners is made up of the governor, the secretary of state, and the attorney general. Section 2-15-1007, MCA. State law empowers the board to issue and sell bonds of the state for purposes authorized by the Legislature, such as coal severance tax bonds (§ 17-5-707, MCA), bonds for the water pollution control and drinking water state revolving fund programs (§§ 75-5-1121 and 75-6-225, MCA), renewable resource bonds (§ 85-1-617, MCA), and hard-rock mining reclamation bonds (§ 82-4-313, MCA). A statutory appropriation is an appropriation made by permanent law that authorizes spending by a state agency without the need for a biennial legislative appropriation or budget amendment. Section 17-7-502(1), MCA.

Linda McCulloch determined on July 14, 2016, that sufficient valid signatures had been submitted to qualify I-181 for the November 8, 2016 general election ballot. If passed, the measure would take effect January 1, 2017.

**DISCUSSION**

¶5 The 2007 Montana Legislature revised the statutes governing legal challenges to ballot measures, authorizing this Court to exercise original jurisdiction over initiatives and referenda for purposes of reviewing challenges to proposed ballot statements for the measures and to the Attorney General's legal sufficiency determinations. Section 3-2-202(3)(a), MCA. "The statute does not confer original jurisdiction for any other purposes." *Hoffman v. State*, 2014 MT 90, ¶ 10, 374 Mont. 405, 328 P.3d 604. We confirmed the significance of these amendments in *Hoffman* when we declined to exercise original jurisdiction to determine the constitutionality of Initiative 171, which would have prohibited expansion of the Montana Medicaid Program and prevented the State of Montana from using funds, personnel, or resources to administer or enforce a federal health care law. *Hoffman*, ¶ 2. As we pointed out in *Hoffman*,

> Prior to the 2007 amendments, the statute provided for this Court's consideration of a "constitutional defect in the substance of a proposed ballot issue[.]" Section 3-2-202(3)(a)(ii), MCA (2005). That provision was removed. 2007 Mont. Laws ch. 481, § 1. . . . Further, the Legislature has expressly preserved "the right to challenge a constitutional defect in the substance of an issue *approved by a vote of the people*." Section 13-27-316(6), MCA (emphasis added).

*Hoffman*, ¶ 10.

¶6 Avoiding reference to these statutes, Petitioners argue that the Court retains authority to entertain a facial constitutional challenge like the one they have brought

3

because the issues are purely ones of law, the case involves a matter of statewide importance, and urgency prevents an adequate remedy through litigation in the district court and the normal appeal process. M. R. App. P. 14(4). Petitioners invoke this Court's statutory authority to issue an injunction in an original proceeding "where the state is a party, the public is interested, or the rights of the public are involved." Section 3-2-205(2), MCA.

¶7 No doubt, "[i]f a law is repugnant to the Constitution, . . . the courts . . . 'have the power, and it is their duty, so to declare.'" *Hoffman*, ¶ 9 (quoting *In re Clark's Estate*, 105 Mont. 401, 411, 74 P.2d 401, 406 (1937)). But I-181 is not a "law." More, "[t]he two recent cases in which ballot measures were stricken from the ballot for substantive constitutional infirmity were not original proceedings, but cases that originated in the district courts and were decided by this Court in the ordinary course of appeal." *Hoffman*, ¶ 10 (citing *MEA-MFT v. McCulloch*, 2012 MT 211, 366 Mont. 266, 291 P.3d 1075; *Reichert v. State*, 2012 MT 111, 365 Mont. 92, 278 P.3d 455).[2] As for the question of urgency, Petitioners filed this action on July 28, 2016, exactly four weeks before the Secretary of State's deadline for certifying ballot measures to election administrators for printing ballots. Even were there authority to exercise original jurisdiction here, this Court is not eager to rush consideration of constitutional questions of public importance in a hasty pre-election review of an idea that is not, and might never become, a law.

¶8 We express no opinion on the merits of any of Petitioners' constitutional claims.

---

[2] The other cases Petitioners cite for pre-election review all were decided prior to the 2007 statutory amendments. *Burgan & Walker, Inc. v. State Highway Comm'n*, 114 Mont. 459, 137 P.2d 663 (1943); *State ex rel. Steen v. Murray*, 144 Mont. 61, 394 P.2d 761 (1964); *State ex rel. Harper v. Waltermire*, 213 Mont. 425, 691 P.2d 826 (1984).

¶9 IT IS THEREFORE ORDERED that the Petitioners' request that this Court exercise its original jurisdiction to declare I-181 unconstitutional on its face and enjoin its certification for the November 2016 general election ballot is DENIED without prejudice to the filing of an appropriate civil action should the measure become law.

¶10 The Clerk is directed to provide notice of this Order to all counsel of record and to the Montana Secretary of State.

DATED this 18th day of August, 2016.


/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE