

FILED

08/11/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0388

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 20-0388

MONTANA REPUBLICAN PARTY,

 Petitioner,

v.

RAPHAEL JEFFREY CARLISLE GRAYBILL,

 Respondent.

ORDER

FILED

AUG 1 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

The Montana Republican Party (MRP) filed an original proceeding on August 3, 2020, seeking a ruling declaring that Raphael Graybill, the successful Democratic candidate for Attorney General in the June 2 primary election, is not entitled to appear on the general election ballot because he does not meet minimum eligibility requirements to hold the office. At our request, pursuant to M. R. App. P. 14(7)(a), Graybill filed a summary response. The MRP followed with a motion for leave to file a reply brief, which Graybill opposes.

Graybill filed his declaration for nomination to the office of Attorney General with the Montana Secretary of State on January 9, 2020, the first day of filing. *See* § 13-10-201(7), MCA. On February 3, 2020, David E. Wanzenried filed a campaign finance and practices complaint with the Montana Commissioner of Political Practices ("COPP"), claiming that Graybill did not meet the eligibility requirements for Attorney General under Art. VI, sec. 3 of the Montana Constitution. The complaint requested that the COPP investigate Graybill's qualifications and "take the steps necessary to prevent [Graybill's] name from appearing on the primary and general election ballots." The COPP proceeded expeditiously to receive evidence and authority from the parties and, on February 28, 2020, issued its declaratory ruling. In a fifteen-page decision that included findings of fact and a legal analysis of each claim, the COPP determined that Graybill meets

the constitutional eligibility requirements to hold the office of Attorney General, or will by the time of the November 2020 election. The COPP accordingly declared him eligible for the ballot. Wanzenried, the complaining party, did not seek judicial review of the COPP's decision. Graybill's name appeared on the primary ballot, he defeated his primary opponent in the election, and the Secretary of State certified his nomination for the 2020 general election ballot.

The MRP's August 3 petition raises arguments identical to those the COPP considered. It has included the COPP complaint and the Agency Declaratory Ruling, along with exhibits in that proceeding, as attachments to its Petition, and we have considered them.

Rule 14(4) of the Montana Rules of Appellate Procedure provides:

> An original proceeding in the form of a declaratory judgment action may be commenced in the supreme court when urgency or emergency factors exist making litigation in the trial courts and the normal appeal process inadequate and when the case involves purely legal questions of statutory or constitutional interpretation which are of state-wide importance.

M. R. App. P. 14(7)(a) allows the Court to order a summary response or to dismiss a petition without response. If a response is ordered, the Rule prohibits the petitioner from filing a reply memorandum, except by order of the Court.

We may deny a declaratory judgment petition when the Petitioner fails to demonstrate each of the required criterion, including the "urgency or emergency factors" that "mak[e]" inadequate the ordinary course of litigation and appeal. *See Public Emples. Ret. Bd. of Mont. v. Lewis & Clark Cty.*, OP 20-0063, Or. Apr. 21, 2020, 2020 Mont. LEXIS 1179, *1; *In re Mantooth*, S. Ct. No. OP 19-0252, Or. July 9, 2019, 2019 Mont. LEXIS 258, *1; *Dunsmore v. State*, S. Ct. No. OP 10-0090, Or. March 16, 2010, 2010 Mont. LEXIS 257, *1.

"[U]rgency or emergency factors" do not spring from a party's own unexplained dilatory action. Giving the MRP every benefit of the doubt, it has known since at least early February of Graybill's qualifications—when the alleged eligibility issue was made public by the filing of the COPP complaint. The COPP issued a decision well in advance of the primary, providing a detailed legal analysis supporting its conclusion that Graybill is eligible

2

for the office. When the complainant in that proceeding filed no petition for judicial review within the thirty-day deadline (§§ 2-4-501, 2-4-702(2)(a), MCA), still nine weeks remained before the primary election. At that election, Graybill was nominated as his party's candidate for Attorney General. The MRP let eight more weeks pass before filing its petition just seventeen days before the statutory deadline for the Secretary of State to certify for the ballot the names and designations of statewide candidates to election administrators. Section 13-12-201(1), MCA. The MRP has offered not a single reason in its Petition for this extraordinary delay.[1] The MRP's eleventh-hour filing fails to demonstrate an emergency sufficient to meet the criteria of M. R. App. 14(4). Nor does it explain why this Court should bypass the express statutory process for contesting a nomination or election to office. Section 13-36-102, MCA. We have refused to engage in "hasty pre-election review" of constitutional ballot questions, particularly where the Legislature has provided a process for bringing the challenge. *Mont. AFL-CIO v. McCulloch*, 2016 MT 200, ¶ 7, 384 Mont. 331, 380 P.3d 728.

Finally, upon review of the pertinent constitutional language, the COPP's declaratory ruling, and this Court's own rules defining the "active practice of law," we are not persuaded that our extraordinary intervention in the election process is necessary to prevent constitutional error.

IT IS THEREFORE ORDERED that the Petition for Declaratory Judgment is DENIED and DISMISSED.

IT IS FURTHER ORDERED that the Petitioner's Motion for Leave to File Reply is DENIED.

---

[1] Compare this to *Cross v. VanDyke*, 2014 MT 193, 375 Mont. 535, 332 P.3d 215, a challenge to Supreme Court candidate Lawrence VanDyke's eligibility to hold the office he was seeking in 2014. The challengers petitioned for declaratory and injunctive relief in March of the 2014 election year, just eleven days after VanDyke filed his declaration for nomination. *Cross*, ¶ 3. We considered the issue on direct appeal after development of a record, a district court decision on summary judgment, and full briefing on appeal.

The Clerk is directed to provide notice of this Order to all counsel of record and to the Montana Secretary of State.

DATED this __11__ day of August, 2020.

_____

_____

_____

_____

_____
Justices

4