JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 Citizens Right to Recall and its representatives (Appellants) appeal from the order of the District Court of the First Judicial District, Lewis and Clark County, affirming the draft ballot statements for Constitutional Initiative Number 98 (CI-98) prepared by Attorney General Mike McGrath (Attorney General). We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 Appellants are proponents of CI-98 which, in Appellants’ own words, “would, among other things, give voters a constitutional right to recall elected justices or judges if and when voters determine that appropriate cause exists.” Appellants submitted text of CI-98 to Montana Legislative Services in January 2006 in accord with the *155 requirements of § 13-27-202(1), MCA. The Attorney General prepared a first draft of CI-98’s ballot statements and circulated them for comment to eleven different parties that shared a potential interest in the ballot measure. Appellants responded with proposed revised ballot statements.
¶3 The Attorney General’s statement of purpose reads as follows: Montana statutes currently provide for the recall of public officials, including state court justices or judges, for physical or mental lack of fitness, incompetence, violation of the oath of office, official misconduct, or conviction of a felony offense. This measure amends the Montana Constitution to provide for recall by petition of state court justices or judges for any reason. It is effective upon approval.
¶4 The Attorney General’s statements of implication for CI-98 read:
[ ] FOR amending the Montana Constitution to provide for recall by petition of state court justices or judges for any reason.
[ ] AGAINST amending the Montana Constitution to provide for recall by petition of state court justices or judges for any reason.
¶5 The Secretary of State approved the Attorney General’s statements on March 3, 2006. Appellants filed a complaint on March 13,2006, challenging the statements and requesting the District Court to alter the statements to comply with § 13-27-312, MCA. The District Court held a hearing on July 7, 2006. The court determined that the Attorney General’s statements satisfied the statutory requirements and issued an order on July 10,2006, affirming the Attorney General’s ballot statements. Appellants exercised their right under § 13-27-316(5), MCA, and appealed the District Court’s decision.
STANDARD OF REVIEW
¶6 We generally review situations where, as here, the applicable law is undisputed and the issue is whether the facts satisfy the statutory standard, as mixed questions of law and fact. Stop Over Spending Montana v. State, ex rel. McGrath, 2006 MT 178, ¶ 10, 333 Mont. 42, ¶ 10, 139 P.3d 788, ¶ 10, 2006 WL 2256486, ¶ 10. We review mixed questions of law and fact de novo. Duffy v. State, 2005 MT 228, ¶ 10, 328 Mont. 369, ¶ 10, 120 P.3d 398, ¶ 10.
DISCUSSION
¶7 Whether the Attorney General’s ballot statements for CI-98 satisfy the requirements of § 13-27-312, MCA.
¶8 Ballot statements are subject to court review for compliance with *156 § 13-27-312, MCA. See § 13-27-316(1), (2), (5), MCA. The key provision of the statute requires that the statement of purpose and the statements of implication “express the true and impartial explanation of the proposed ballot issue in plain, easily understood language and may not be arguments or written so as to create prejudice for or against the measure.” Section 13-27-312(4), MCA. The statement of purpose shall “explain[ ] the purpose of the measure” in a statement not exceeding 100 words. Section 13-27-312(2)(a), MCA. The statement of implication shall “explain[ ] the implications of a vote for and a vote against the measure” in statements not exceeding 25 words each. Section 13-27-312(2)(b), MCA.
¶9 Appellants claim that neither the statement of purpose nor the statements of implication satisfy the statutory requirements in that they do not explain the purpose of the measure, they are not completely true and impartial, and that they are drafted so as to create prejudice against the measure. Appellants request that this Court exercise the authority granted to it in § 13-27-316(1), MCA, and rewrite the ballot statements to comply with § 13-27-312, MCA.
¶10 Courts in other jurisdictions almost universally apply the rule that they “do not sit as some type of literary editorial board.” Schulte v. Long (S.D. 2004), 687 N.W.2d 495, 498. As a result, these courts will not “invalidate the summary simply because they believe a better one could be written.” Burgess v. Alaska Lieutenant Governor, Etc. (Alaska 1982), 654 P.2d 273, 276, n.7. We agreed with these courts and expressly adopted a similar standard in Stop Over Spending Montana, ¶ 18. Accordingly, we defer to the Attorney General’s rendition provided the statements meet the statutory requirements. We take this opportunity to expand upon the analysis contained in our recent decision in Stop Over Spending Montana on a challenge to another initiative statement.
¶11 Statement of purpose.
¶12 Appellants assert that the statement of purpose does not satisfy the statutory requirement that the statement “explain the purpose of the proposed measure” in light of the fact that “58% of the 100 words allowed by statute” focus on current law. See § 13-27-312(2)(a), MCA. Appellants claim that the first sentence creates prejudice in that it makes the “measure appear redundant and unnecessary.”
¶13 We note initially that we review the District Court’s ballot statements solely for compliance with § 13-27-312, MCA. See § 13-27-316, MCA. The statute does not grant Appellants the right to the ballot statements of their choosing. Stop Over Spending Montana, ¶ 18. We previously have determined that a statement that explains the *157 measure in ordinary and plain language, is true and impartial, and not argumentative or likely to create prejudice for or against the measure constitutes compliance with the statute. State ex rel. Wenzel v. Murray (1978), 178 Mont. 441, 448, 585 P.2d 683, 637.
¶14 With respect to truthfulness, the first sentence of the Attorney General’s statement regarding the existing law on the recall of state court justices and judges represents a true statement of the current status of Montana law. Section 2-16-603(1), MCA, provides for the recall of any public officer, including state court justices or judges. As the District Court concluded, the sentence provides context for the proposed measure.
¶15 Appellants’ argument that the sentence does not “explain the purpose of the proposed measure” and therefore fails to meet § 13-27-312(2)(a), MCA’s requirements, would be meritorious only if the first sentence constituted CI-98’s entire statement of purpose. It does not, however, and must be read in conjunction with the remaining sentences. The initial contextual statement read together with the following sentences explains the purpose of the measure-to amend the Montana Constitution to enshrine the right of citizens to recall state court justices and judges-in compliance with § 13-27-312(2)(a), MCA.
¶16 Appellants assert further that the Attorney General’s statement of purpose omits salient provisions when it states that the measure amends the constitution to provide for recall “for any reason” without further explanation. The reason for requiring the statement of purpose “is to provide fair notice of the content of the proposed amendment so that the voter will not be misled as to its purpose, and can cast an intelligent and informed ballot.” Advisory Opinion re Term Limits Pledge (Fla. 1998), 718 So.2d 798, 803. As a general matter, the “title and summary preceding an initiative need not contain a complete catalog or index of all provisions within the initiative.” People v. Flores (Cal. App. 1986), 223 Cal. Rptr. 465, 470.
¶17 Appellants’ measure is 885 words long. If passed, the measure would be the longest provision in the Montana Constitution by a factor of two. Appellants’ brief requires approximately 193 words to describe the salient provisions that they claim the Attorney General’s statement omits. We decline to hold that a statement of purpose that does not include the details of the measure’s mechanisms, limitations, deterrent provisions for false reporting, waiting periods, voter percentage requirements, and legislatively imposed discretionary bond postings-all within 100 words-does not comply with the statute. See e.g., United Gamefowl Breeders Ass’n v. Nixon (Mo. 2000), 19 S.W.3d 137, 141 (noting that within the confines of the 100-word limit, the *158 summary “need not set out the details of the proposal”).
¶18 We recognize that the statutory 100-word limit inevitably leads to omission of some provisions that Appellants would like to include. As we stated in Stop Over Spending Montana, ¶ 17, “[n]ecessarily, a complete description of every part of the measure cannot be included.” Nonetheless, it is not our prerogative to alter the statute that the Legislature has enacted. Section 1-2-101, MCA. The process of whittling an 885-word measure to a “true and impartial explanation” involves a degree of discretion entrusted to the Attorney General by the Legislature that we will not overturn absent noncompliance with the statute. See Wenzel, 178 Mont. at 448, 585 P.2d at 637-638. The Attorney General’s decision to omit what Appellants characterize as “salient provisions” does not prevent a voter from casting “an intelligent and informed ballot.” Advisory Opinion, 718 So.2d at 803.
¶19 Moreover, we conclude that the statement that the measure provides for judicial recall “for any reason” is true. Although the “salient provisions” that the Appellants seek to add likewise may be true, they simply explain the details of the measure as described above. The statement that CI-98 would allow voters to recall state court justices or judges “for any reason” accurately reflects the intent of the measure. Nowhere in its 885 words does CI-98 provide any limit on the reasons for which a judge or justice may be recalled. In fact, CI-98 provides explicitly that a justification statement declaring the reasons for petition for recall, “is sufficient if it sets forth any reason acknowledging electoral dissatisfaction with a justice or judge ....” (Emphasis added). Thus, the Attorney General’s statement represents a true and impartial explanation of CI-98 that the Attorney General wrote in plain language. See § 13-27-312, MCA.
¶20 We turn then to the question of whether the Attorney General’s statement of purpose has been drafted so as to create prejudice against CI-98. We agree with Appellants that the statement of purpose must “eschew advocacy - argument - for or against the proposal’s adoption.” Fairness and Acct. in Ins. Reform v. Greene (Ariz. 1994), 886 P.2d 1338, 1346. Appellants cannot point directly to any language in the Attorney General’s statement of purpose that violates this prohibition. Instead, Appellants must resort to claims that the statement’s “limited explanation creates prejudice against the measure” and the Attorney General’s statement of the current law regarding recall implies that the measure would appear “redundant and unnecessary.”
¶21 In Schulte, the attorney general’s explanation of a proposed ballot measure exempting food from the state sales and use taxes explained *159 that the measure would exempt food from the taxes and further explained that the measure, if adopted, would “eliminate this source of revenue.” Schulte, 687 N.W.2d at 499. The proponents claimed that the attorney general’s ballot explanation was intended to create prejudice against the measure. The trial court agreed and ordered the attorney general to excise the offending “negative editorial statement.” Schulte, 687 N.W.2d at 497. The South Dakota Supreme Court reversed and noted that the attorney general’s explanation was a “narrowly crafted statement of the purpose and legal effect” of the measure. Schulte, 687 N.W.2d at 499. The court rejected notions that the statement created negative implications: “What is implied or suggested by the language used will obviously he in the eye of the beholder and will necessarily vary from reader to reader and voter to voter.” Schulte, 687 N.W.2d at 500.
¶22 As noted above, the Attorney General’s statement of purpose contains true statements and is impartial. We agree with the court in Schulte that any negative implications created by what the Attorney General chose to omit in the statement of purpose cannot support a claim of prejudice against the measure. Likewise, whether a voter interprets the Attorney General’s accurate statement of the current law regarding recall to mean that CI-98 would be “redundant and unnecessary” does not rise to the level of creating prejudice against CI-98. In light of the Appellants’ inability to point to any parts of the Attorney General’s statement of purpose that are untrue or biased, we decline to conclude that the statement was drafted to create prejudice against CI-98 based upon possible negative implications from what the Attorney General chose to omit or implications from the Attorney General’s decision to include the current state of the law regarding recall. Schulte, 687 N.W.2d at 500.
¶23 We reiterate that the Legislature has designed the intricate process by which Montana’s citizens may amend our constitution. See §§ 13-27-101 to -316, MCA. The process involves the legislative services division, § 13-27-202 (1)(a), MCA, the Secretary of State, § 13-27-202(3), (4), (6), Montana voters, § 13-27-202(6), the Attorney General, § 13-27-312, MCA, and, if necessary, the judiciary, § 13-27-316(1), (5), MCA. Within this statutory scheme, the Legislature purposefully has inserted the Attorney General-an official elected by the citizens of Montana — to write the ballot statements after receiving input from “parties on both sides of the issue to obtain their advice.” Section 13-27-312(2), MCA. Within this scheme, the Legislature simply asks this Court to review the District Court’s decision and determine whether the ballot statements meet the requirements of § 13-27-312, *160 MCA. Sections 13-27-316(3)(a), (5), MCA.
¶24 Statements of implication.
¶25 Appellants allege similar inadequacies with the statements of implication as with the statement of purpose. Appellants claim that the statements of implication “fail to explain the purpose of the measure” and omit salient provisions that a voter should know before casting his or her vote regarding the measure. Appellants assert specifically that the statements of implication should inform voters about the possibility that a person who initiates a recall could incur liability for false statements in petitions, or the possibility of having to post a bond to cover costs for successive petitions, before deciding for or against the measure.
¶26 We note that the Legislature did not intend for the statements of implication to explain the purpose of the measure, as the statements of purpose serve that function. See § 13-27-312(2)(b), (4), MCA. The statute requires the statements of implication simply to explain the implications of a vote for and a vote against the measure. Section 13-27-312(2)(b), MCA. Once again, the 25-word limitation imposed by § 13-27-312(2)(b), MCA, necessarily forces the Attorney General to delete provisions Appellants would like to include. Flores, 223 Cal. Rptr. at 470. The discretion rests with the Attorney General and we will not disturb his language absent noncompliance with § 27-13-312, MCA. See Wenzel, 178 Mont. at 448, 585 P.2d at 637-638; Stop Over Spending Montana, ¶¶ 17-18.
¶27 Appellants argue that the portion of the statements of implication declaring that the measure amends “the Montana Constitution to provide for recall by petition of state court justices or judges for any reason,” could cause voter confusion and thereby create prejudice against the measure. Appellants contend that the voters erroneously could interpret the statements of implication to mean that state court justices or judges may petition for a recall, rather than a dissatisfied qualified elector. Although admittedly ambiguous, we fail to see how the statements would create prejudice against the measure and thereby fail to comply with § 13-27-312(4), MCA.
¶28 The lack of prejudice is evident by the fact that the two ways a voter could interpret the statement are both true. First, as intended by the Attorney General’s statements of implication, CI-98 would authorize qualified electors to petition to recall judges or justices. And second, CI-98 similarly would authorize implicitly state court justices or judges, in their private capacity as qualified electors, to petition to recall one another. This potential ambiguity does not create prejudice against the measure as what is implied by the Attorney General’s *161 language “will necessarily vary from reader to reader and voter to voter.” Schulte, 687 N.W.2d at 500. We will defer to the Attorney General’s decision absent a violation of § 13-27-312, MCA. Stop Over Spending Montana, ¶ 18. The statements of implication are true, impartial, and plainly written explanations of a vote for and a vote against CI-98. See § 13-27-312, MCA.
CONCLUSION
¶29 We agree with the District Court’s conclusion that the Attorney General’s statement of purpose and statements of implication comply with the requirements of § 13-27-312, MCA. The statements are all true and impartial reflections of CI-98, and the Attorney General did not write them in a manner to create prejudice against CI-98. In light of our conclusion that the Attorney General’s statements comply with § 13-27-312, MCA, we decline Appellants’ invitation to rewrite CI-98’s ballot statements. Stop Over Spending Montana, ¶ 18.
¶30 Affirmed.
JUSTICE LEAPHART, DISTRICT JUDGE PREZEAU, sitting for JUSTICE RICE and DISTRICT JUDGE SANDEFUR, sitting for JUSTICE WARNER concur.