¶1 Petitioners Montanans Against Tax Hikes, et al. have filed an original action with this Court seeking declaratory and injunctive relief to determine whether the ballot statement of proposed Initiative 185 meets the requirements of § 13-27-312, MCA. The State of Montana, by and through Attorney General Timothy C. Fox, has filed a response, and the proponents of I-185, Healthy Montana for I-185, the Montana Hospital Association, and the Montana Primary Care Association have filed an amicus brief opposing the petition.
BACKGROUND
¶2 The Constitution of the State of Montana authorizes the people of this state to enact laws by initiative on all matters except appropriations of money and local or special *1080 laws. Mont. Const. art III, § 4 (1). Petitions for initiative, accompanied by a draft ballot issue statement of up to 135 words, are initially prepared by the initiative's proponents and submitted to the Secretary of State. Sections 13-27-201, -202(1), MCA. After review, the Secretary of State refers the ballot statement to the Attorney General for determination of legal sufficiency and approval, and for a determination of whether a fiscal note is necessary. Section 13-27-202(4), MCA.
¶3 An original proceeding in this Court is the exclusive remedy for a challenge to the ballot statements approved by the Attorney General. Section 13-27-316(5), MCA. Opponents of a ballot issue have ten days from the date of certification by the Secretary of State to the Governor to file an action and request the Court alter the ballot statement as approved by the Attorney General. Section 13-27-316(2), MCA. Petitioners herein have satisfied the filing requirements of Montana law.
¶4 Prior to circulation, proposed Initiative 185 was referred by the Secretary of State to the Attorney General for a legal sufficiency review pursuant to § 13-27-312, MCA. The Attorney General issued a fiscal statement and provided notice that the initiative was legally sufficient. The Petition was approved for signature gathering as of April 16, 2018. Petitions, each containing the ballot issue statement as approved by the Attorney General, were circulated throughout the State and were signed by the requisite number of registered voters. On July 26, 2018, the Secretary of State certified to the Governor that I-185 had been officially filed, having received a sufficient number of signatures.
¶5 The ballot language approved by the Attorney General for I-185, including the statement of purpose and statements of implication, reads as follows:
INITIATIVE NO. 185
A LAW PROPOSED BY INITIATIVE PETITION
I-185 raises taxes on all tobacco products, amends the definition to include e-cigarettes and vaping products, and dedicates funds. Taxes are increased by $2.00 per pack of cigarettes for a total tax of $3.70 per pack. Taxes on moist snuff increase to the greater of 83% of wholesale or $3.70 per 1.2 ounces. The tax rate increases by 33% of the wholesale price for all other tobacco products including new taxes on e-cigarettes and vaping products. I-185 eliminates the sunset date for expanded Medicaid services for certain low-income adults, which otherwise ends June 30, 2019. I-185 dedicates a percentage of these increased tax revenues for: certain health-related programs, including some of the costs for Montana's current Medicaid program; veterans' services; smoking prevention and cessation programs; and long-term care services for seniors and people with disabilities.
New revenue from increases in tobacco taxes will generate $74.3 million per year by 2023. Revenues may decline as fewer people use tobacco. The State must pay a percentage of the cost of the extended Medicaid services, which increases from 6.77% in 2019 to a cap of 10% by 2021.
[ ] YES ON INITIATIVE I-185
[ ] NO ON INITIATIVE I-185
The ballot statement is precisely 135 words.
DISCUSSION
¶6 The language on the ballot statements must "identify the measure on the ballot so that a Montana voter, drawing on both official and unofficial sources of information and education, will [be able to] exercise his or her political judgment." Harper v. Greely , 234 Mont. 259, 269, 763 P.2d 650, 657 (1988). In preparing and approving a ballot statement, the Attorney General is to "endeavor to seek out parties on both sides of the issue and obtain their advice" and to ensure that the ballot statement "express[es] the true and impartial explanation of the proposed ballot issue in plain, easily understood language and [is] not ... argument or written so as to create prejudice for or against the issue." Section 13-27-312(3), (4), MCA. That process was conducted, and 79 interested parties, including Petitioners, participated. The Attorney General significantly revised the original statement proposed by the Proponents before it was approved and sent to the Secretary of State.
*1081 ¶7 This Court has upheld ballot statements approved by the Attorney General as long as they employ "ordinary plain language, explaining the general purpose of the issues submitted in language that is true and impartial, and [are] not argumentative or likely to create prejudice either for or against the issue." Stop Over Spending Montana v. McGrath , 2006 MT 178, ¶ 28, 333 Mont. 42, 139 P.3d 788. As long as the Attorney General's wording "fairly states to the voters what is proposed within the Initiative, discretion as to the choice of language ... is entirely his." State ex rel. Wenzel v. Murray , 178 Mont. 441, 448, 585 P.2d 633, 637-38 (1978). However, a court must intervene when a ballot statement's language would prevent a voter from casting an intelligent and informed ballot. ACLU of Montana Foundation v. State , OP 17-0449, 389 Mont. 544, 403 P.3d 1244 (table) (Sept. 19, 2017) ; Citizens Right to Recall v. McGrath , 2006 MT 192, ¶ 16, 333 Mont. 153, 142 P.3d 764.
¶8 Initially, Petitioners contend that the ballot statement is deficient in that it contains false information that is likely to confuse voters. The ballot statement notes that there will be a 33% tax increase on the wholesale price for all tobacco products other than cigarettes and moist snuff. Petitioners contend that the current tax rate for the products is 50% of the wholesale price, and that the initiative raises that rate to 83% of the wholesale price. They argue, "as a matter of mathematical fact," the rate for those products, not including cigarettes and snuff, would increase 66%, from 50% to 83% of the wholesale price. Petitioners suggest that the statement language be altered and replaced with the phrase "the tax rate increases from 50% to 83%."
¶9 The Attorney General agrees that taxes on other tobacco products, including e-cigarettes and vaping products, would go from 50% of the wholesale price to 83%, and he argues use of the 33% increase language refers to the rate increase from 50% to 83%. He argues the use of the term rate does not make the statement false or incorrect. I-185 Proponents also assert that 33% accurately describes the increase from 50% to 83%, and therefore satisfies the statutory requirements.
¶10 While it may be that the Attorney General's ballot statement contains a mathematical misstatement, it does not follow that this Court should alter a technical mistake. The standard of review in these matters is not whether a better statement could have been approved, but rather whether the statement complies with § 13-27-312, MCA. Mont. Consumer Fin. Ass'n v. State , 2010 MT 185, ¶ 11, 357 Mont. 237, 238 P.3d 765 ; Citizens Right to Recall , ¶ 7.
¶11 If the Attorney General's statement captures the purpose and fiscal impacts in summary fashion, and is sufficient to inform the voters of the implication of a vote for or against the measure, it satisfies the requirements of § 13-27-312, MCA. Hoffman v. State , 2014 MT 90, ¶ 16, 374 Mont. 405, 328 P.3d 604. The statement meets that standard.
¶12 Petitioners also disagree with the language of the last sentence in the ballot statement. The sentence notes
I-185 dedicates a percentage of these increased tax revenues for: certain health-related programs, including some of the costs for Montana's current Medicaid program; veterans' services; smoking prevention and cessation programs; and long-term care services for seniors and people with disabilities.
This long sentence attempts to incorporate several different programs that are designated to receive funding through the increased tax. Petitioners contend that it is misleading because it does not include a reference to potential increased funding for the state general fund.
¶13 The ballot statement advises the voter that the funds created by the new taxes will assist funding in certain areas or programs. It is difficult for this Court to discern how a lack of reference to the state general fund creates prejudice for or against the issue, or prevents a voter from making a fully informed decision. The failure to include a vague reference to the state general fund does not make the statement deceptive or prejudicial. The statement uses ordinary plain language explaining the general purpose *1082 of the proposal and does not require alteration by this Court. We will not invalidate a ballot statement simply because a better one could be written. Citizens Right to Recall , ¶ 10 ; MEA-MFT v. Fox , OP 14-0283, 375 Mont. 554, 346 P.3d 1134 (table) (May 27, 2014).
¶14 Finally, Petitioners contend that the ballot statement provides no useful context for the tax increase on moist snuff. The Attorney General statement provides that "Taxes on moist snuff increase to the greater of 83% of the wholesale or $3.70 per 1.2 ounces." Nothing in the ballot statement is misleading or confusing. Again, it employs ordinary plain language that explains the general purpose of the proposal. As long as the Attorney General's wording plainly states what is proposed, the choice of language is his. Wenzel , 178 Mont. at 448, 585 P.2d at 637-38.
¶15 Given the 135-word limit on ballot statements, not every detail of an initiative can be explained. See Montana Consumer Fin. Ass'n , ¶ 12 ; Hoffman , ¶ 16.
CONCLUSION
¶16 The Attorney General's ballot statement satisfies the requirements of Montana law. Montanans Against Tax Hikes, et al.'s Petition for Declaratory and Injunctive Relief is DENIED.
The Clerk is directed to provide a copy of this Opinion and Order to all counsel of record.
We Concur:
BETH BAKER, J.
LAURIE McKINNON, J.
JIM RICE, J.
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.
INGRID GUSTAFSON, J.