FILED

12/11/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 25-0699

OP 25-0699

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2025 MT 285

MONTANANS FOR FAIR AND IMPARTIAL JUDGES
and MONTANANS FOR NONPARTISAN COURTS,

     Petitioners,

  v.

AUSTIN KNUDSEN, in his official capacity as
MONTANA ATTORNEY GENERAL,

     Respondent.

ORIGINAL PROCEEDING:    Petition for Declaratory Judgment

COUNSEL OF RECORD:

     For Petitioner Montanans for Fair and Impartial Judges:

          Joel G. Krautter, Netzer Krautter Law Firm, PC, Billings, Montana

     For Petitioner Montanans for Nonpartisan Courts:

          Raph Graybill, Rachel Parker, Graybill Law Firm, PC, Great Falls, Montana

          Alex Rate, ACLU of Montana, Missoula, Montana

     For Respondent:

          Austin Knudsen, Montana Attorney General, Michael Russell, Michael Noonan, Assistant Attorneys General, Helena, Montana

Decided:  December 11, 2025

Filed:

_____
          Clerk

Justice Katherine M. Bidegaray delivered the Opinion and Order of the Court.

¶1     Petitioners Montanans for Fair and Impartial Judges (MFIJ) and Montanans for Nonpartisan Courts (MNC) seek declaratory judgment on original jurisdiction and, pursuant to § 13-27-605(1), MCA, ask this Court to declare: (1) the Attorney General lacked authority to rewrite MFIJ's proposed statement of purpose and implication (Statement) for MFIJ's Proposed Ballot Measure No. 3 (Constitutional Initiative 131 or CI-131) because he failed to make a written determination that MFIJ's proposed Statement was not clear and impartial; and (2) the Attorney General's revised Statement is misleading and prejudicial.  Petitioners further ask the Court to certify its proposed Statement to the Montana Secretary of State pursuant to § 13-27-605(3)(c)(ii), MCA.

¶2     At our invitation, the Attorney General has responded in opposition to this petition. In addition to his disagreement with Petitioners' issues, the Attorney General further alleges MNC is not a proper party to this case and MFIJ accepted his revised Statement.

¶3     We consider the following issues:

1.  *Is MNC a proper party to this original proceeding?*

2. *Did MFIJ accept the Attorney General's revised Statement and thereby foreclose judicial review?*

3. *Did the Attorney General have the authority to revise the Statement under § 13-27-226(3)(c), MCA?*

4. *Should this Court certify MFIJ's proposed Statement to the Secretary of State?*

¶4     CI-131 would amend Article VII, Section 8(1), of the Montana Constitution, by adding three words, as denoted here: "Supreme court justices and district court judges shall be elected <u>in nonpartisan elections</u> by the qualified electors as provided by law."   The

2

proposed initiative was submitted, with proposed ballot statements, to the Secretary of State on July 29, 2025, by Ted Dick, MFIJ's Treasurer and Campaign Manager. The Secretary then forwarded the proposed initiative and ballot statements to the Legislative Services Division, which completed its review on August 7, 2025. Relevant to the present dispute, MFIJ proposed the following Statement for CI-131:

> This constitutional initiative would require that Montana Supreme Court and district court elections remain nonpartisan. Since 1935, state law has required that these elections be held without political party affiliation. This amendment would add that rule to the Montana Constitution, so it could only be changed by another constitutional amendment approved by voters.

¶5 On September 24, 2025, the Attorney General completed his legal sufficiency review. Although he concluded CI-131 is legally sufficient, he explained he was submitting a revised Statement "to improve readability, explain that [CI-131] imposes a new constitutional requirement, and the practical implication to voters on seeing a non-partisan ballot versus a partisan ballot."

¶6 The Attorney General provided the following revised Statement: "CI-[131], if passed, mandates Montana supreme court and district court elections be non-partisan. A non-partisan election prohibits labeling candidates on the ballot according to the political party the candidate aligns with including labels like independent."

¶7 MFIJ and MNC challenge the Attorney General's revised Statement under § 13-27-605(1), MCA, which provides that, if the proponents of a statewide ballot issue believe the ballot statements approved by the Attorney General do not satisfy the requirements of § 13-27-212, MCA, they may file an original proceeding in this Court challenging the adequacy of the statement and asking this Court to alter the statement.

3

¶8      *1. Is MNC a proper party to this original proceeding?*

¶9      As a preliminary issue, the Attorney General asserts MNC is not a proper party to this matter. He argues we should "reject MNC's attempts to posit itself as a ballot proponent . . . and make clear that only the actual ballot proponent may seek the Court's review" under § 13-27-605(1), MCA.

¶10      In the petition before this Court, MNC does not claim to be a "proponent" of CI-131 but rather asserts it has a "constitutionally and statutorily protected interest" because it is the proponent of other proposed initiatives that also concern nonpartisan judicial elections. MNC asserts it is registered with the Montana Commissioner of Political Practices as a ballot issue committee in support of two proposed ballot initiatives that, like CI-131, would amend the Montana Constitution to make judicial elections nonpartisan. MNC asserts it has a statutorily protected interest, that it shares with MFIJ, in ensuring any revised Statement the Attorney General submits is "clear and neutral" and that the Attorney General does not revise proposed Statements in the absence of a written determination that they clearly do not meet the requirements of § 13-27-212, MCA.

¶11      The Attorney General argues MNC's purported interests are insufficient because only the "proponent" of a ballot initiative may challenge the adequacy of the Attorney General's revised Statement. The Attorney General maintains that, under the relevant statutes, the "proponent" for CI-131 is MFIJ because MFIJ submitted CI-131's text to the Secretary of State, along with MFIJ's draft ballot statements, and MFIJ communicated with the Secretary of State and the Legislative Services Division as the proposed initiative proceeded in the ballot initiative process. *See* §§ 13-27-214(3), -218(1), MCA

4

("proponent" shall submit the constitutional initiative to the Secretary of State). Then, under § 13-27-605(1), MCA, only the "proponent" may petition this Court to challenge the Attorney General's revision of a ballot statement.

¶12 MNC offers two authorities in support of its argument that it may participate in this original proceeding: *Aspen Trails Ranch, LLC v. Simmons*, 2010 MT 79, ¶ 45, 356 Mont. 41, 230 P.3d 808; and M. R. Civ. P. 24(b). In *Aspen Trails Ranch*, we affirmed a district court's denial of a motion to dismiss where the standing of some landowner plaintiffs was in doubt because we concluded the standing of one landowner plaintiff was sufficient to allow the lawsuit to proceed. *Aspen Trails Ranch* did not confer standing on parties who lacked standing but only held that dismissal was not required if certain parties lacked standing so long as the standing of an identically aligned party was clear. It therefore does not support MNC's position that it has a protected interest such that would allow it to participate in this original proceeding. M. R. Civ. P. 24(b) pertains to permissive intervention; MNC has not moved to intervene in this case and Rule 24 thus has no applicability. MNC has also not requested leave to participate as amicus.

¶13 Section 13-27-605(1), MCA, provides a cause of action only to the proponent of the specific statewide ballot issue at issue, not to organizations with a generalized interest in similar or related initiatives. The statutory right to petition this Court under § 13-27-605(1), MCA, is therefore exclusive to the proponent identified under §§ 13-27-214, and -218, MCA. Although *Aspen Trails Ranch* recognized that a case may proceed when at least one plaintiff possesses standing, that principle did not—and does not—extend standing to parties lacking a statutory cause of action. Moreover, *Aspen Trails*

5

*Ranch* arose in a district court civil action, not an original-jurisdiction proceeding in which the Legislature has expressly limited who may invoke judicial review. Because original proceedings under § 13-27-605, MCA, are creatures of statute, and the statute authorizes only the proponent to seek this form of relief, *Aspen Trails Ranch* has no application here.

¶14 Section 13-27-605(1), MCA, provides, in relevant part, "If the proponents of a statewide ballot issue believe that the ballot statements approved by the attorney general do not satisfy the requirements of 13-27-212 . . . they may . . . file an original proceeding in the supreme court challenging the adequacy of the statement . . . ." The statute provides a mechanism for the proponents to challenge the ballot statements approved by the Attorney General. Although § 13-27-605(2), MCA, provides a mechanism for opponents to challenge the ballot statements, the statute has no provision allowing parties who are aligned with the proponents to pursue relief. We therefore agree with the Attorney General that MNC, which is not a proponent, has no standing in this original proceeding. We therefore consider only whether MFIJ is entitled to relief.

¶15 *2. Did MFIJ accept the Attorney General's revised Statement and thereby foreclose judicial review?*

¶16 The Attorney General next asserts MFIJ agreed to his revised Statement prior to filing this petition and, relying on MFIJ's acquiescence, the Secretary of State prepared and approved sample petitions for circulation that contain the revised Statement on each signature page, which have been distributed to county clerks and may be used to gather signatures for CI-131. As evidence of MFIJ's acquiescence, the Attorney General provides, as an exhibit to his response to the petition, a September 25, 2025 email from

6

Dick to the Secretary of State that provides, in relevant part, that MFIJ "accepts the Montana Attorney General's new statement of purpose and implication . . . ."

¶17 The Attorney General acknowledges MFIJ's acceptance of the revised Statement does not waive MFIJ's ability to challenge the Statement as provided in § 13-27-605(1), MCA. However, he asks this Court to consider MFIJ's initial acceptance of the Attorney General's revised Statement in evaluating the reasonableness of that revised Statement.

¶18 Section 13-27-605(1), MCA, provides proponents the opportunity to challenge the ballot statements approved by the Attorney General if they believe the ballot statements do not satisfy the requirements of §§ 13-27-212, or -213, MCA. It is undisputed that MFIJ timely complied with the statute, notwithstanding Dick's email which implied that no challenge would be forthcoming. However, the Attorney General provides no authority, nor are we aware of any, by which prior acceptance would have waived MFIJ's right to petition for redress.

¶19 *3. Did the Attorney General have the authority to revise the Statement under § 13-27-226(3)(c), MCA?*

¶20 MFIJ argues the Attorney General did not have the statutory authority to revise MFIJ's proposed Statement under § 13-27-226(3)(c), MCA, because he did not make a written determination that the proposed Statement failed to comply with § 13-27-212, MCA. The Attorney General disagrees, asserting his comments regarding MFIJ's proposed Statement in his legal sufficiency memo and an email he sent to the Secretary of State provide an adequate basis for him to revise the statement of purpose and implication.

7

¶21 Section 13-27-226(3)(a), MCA, provides, in relevant part, that, if the Attorney General determines the proposed initiative is legally sufficient, he shall review the ballot statements to determine whether they contain a statement of purpose and implication that complies with § 13-27-212, MCA. If he determines, in writing, that the statement of purpose and implication does not comply with § 13-27-212, MCA, he shall then prepare a compliant statement. Section 13-27-226(3)(c), MCA. Section 13-27-212(1), MCA, provides, "A statement of purpose and implication expresses the true and impartial explanation of the proposal in plain, easily understood language. The statement of purpose and implication may not be argumentative or written so as to create prejudice for or against the issue."

¶22 MFIJ maintains the Attorney General did not opine that MFIJ's proposed Statement failed to provide a true and impartial explanation of CI-131 in plain, easily understood language, nor did he opine that MFIJ's proposed Statement was argumentative or written so as to create prejudice for or against CI-131. Thus, MFIJ argues, the Attorney General lacked a statutory basis to submit a revised Statement. MFIJ asserts that the Attorney General may revise a proposed statement if, and only if, he "determines in writing that a ballot statement clearly does not comply with the relevant requirements" of § 13-27-226(3)(a), MCA. Section 13-27-226(3)(c), MCA. MFIJ argues the Attorney General's decision to revise the Statement because he opined he could "improve" the Statement and better explain the initiative is insufficient. Rather, "the Attorney General is only permitted to rewrite a ballot statement if he makes a threshold determination that the proposed statement is false, deceptive, unclear, argumentative, or prejudicial."

8

¶23 In his legal sufficiency memo, the Attorney General stated that he had concluded MFIJ's proposed Statement "fails to comply" with § 13-27-212(1), MCA, but he did not offer a basis for his rejection of MFIJ's proposed Statement. Instead, he explained why his revised Statement was superior to MFIJ's proposed Statement: "The Attorney General submits a new statement of purpose and implication to improve readability, explain that [CI-131] imposes a new constitutional requirement, and the practical implication to voters on seeing a non-partisan ballot versus a partisan ballot." In opposing MFIJ's petition, the Attorney General argues that by stating, in writing, that MFIJ's proposed Statement did not comply with the requirements of § 13-27-212(1), MCA, he met the requirements of § 13-27-226(3)(a), MCA. The Attorney General points out the above-quoted language from his legal sufficiency memo and an email his office sent to the Secretary of State that provided, in part, "[f]or the reasons stated in the attached memo, the Attorney General determined the statement of purpose and implication did not meet the statutory requirements . . . ." The Attorney General maintains the explanation in his legal sufficiency memo was sufficient and that it "states the reasons why the proponent's ballot statements were inadequate." He urges us to reject MFIJ's position that the statute imposes a "magic word test."

¶24 Both MFIJ and the Attorney General point to our holding in *Montanans Securing Reprod. Rights v. Knudsen*, 2024 MT 67, 416 Mont. 138, 546 P.3d 183 (*MSRR*), regarding the Attorney General's statutory authority to revise a proponent's proposed statement of purpose and implication under § 13-27-226(3), MCA. In that case, the Attorney General rejected MSRR's proposed statement for CI-14, explaining in his legal sufficiency

9

memo that he found MSRR's proposed statement failed to comply with § 13-27-212, MCA, for three reasons, including failures to advise voters as to how that initiative would change current law, to define key terms, and to inform voters that the initiative would preclude the State from enforcing certain laws and policies. *MSRR*, ¶ 7.

¶25 In challenging the Attorney General's rejection of the proponent's proposed statement, MSRR argued the Attorney General did not have the authority to submit a revised statement because MSRR believed its proposed statement was statutorily compliant. *MSRR*, ¶ 21. We disagreed, explaining the Attorney General has "the authority to determine whether a proponent's ballot statement meets the requirements of § 13-27-226(3)(a), MCA, and, if he determines the proponent's statement does not meet those requirements, he shall then prepare a ballot statement that does meet those requirements." *MSRR*, ¶ 21. In that case, although we rejected the Attorney General's revised statement, we also agreed with the Attorney General's determination that MSRR's proposed statement was deficient in certain respects. *MSRR*, ¶ 24.

¶26 In the present case, however, the issue is not whether the Attorney General correctly concluded MFIJ's proposed Statement failed to meet the requirements of § 13-27-226(3)(a), MCA, but whether the Attorney General made that conclusion at all. The Attorney General asserts that in *MSRR*, ¶ 23, we "rejected arguments that the statute imposes a 'necessary threshold' before the AG may rewrite a ballot statement." The Attorney General misconstrues *MSRR*, ¶ 23. There, we rejected MSRR's argument that, "[t]here is simply no reading under which MSRR's statement 'clearly does not comply with the relevant requirements,' the necessary threshold for the A.G. to rewrite it . . . ."

*MSRR*, ¶ 23 (quoting the argument MSRR raised in its petition for declaratory relief on original jurisdiction). We did not reject the concept that a "necessary threshold" exists; we rejected MSRR's contention that there was "simply no reason" under which their proposed statement failed to meet it. The "necessary threshold" is reached if the Attorney General concludes a proposed statement fails to meet the requirements set forth in § 13-27-212(1), MCA: the statement must express the true and impartial explanation of the proposal in plain, easily understood language and may not be argumentative or written so as to create prejudice for or against the issue. Here, aside from a conclusory statement that MFIJ's proposed Statement "fails to comply" with § 13-27-212(1), MCA, the Attorney General did not determine, in writing, that MFIJ's proposed Statement failed to comply with the relevant requirements of § 13-27-226(3)(a)(i), MCA (requiring that the statement of purpose and implication complies with § 13-27-212, MCA).

¶27 We agree with MFIJ that the Attorney General did not "determine[] in writing that [MFIJ's] ballot statement clearly does not comply with [§ 13-27-226](3)(a)[, MCA]." Section 13-27-226(3)(c), MCA. The Attorney General's justification for submitting a revised Statement does not allege MFIJ's proposed Statement failed to express the true and impartial explanation of CI-131 in plain, easily understood language, nor does he allege it was argumentative or written so as to create prejudice for or against the issue. *See* § 13-27-212(1), MCA. The Attorney General's legal sufficiency memo asserts only that he rewrote the Statement to "improve" and "explain" it. Although he argues in his response to MFIJ's petition before this Court that MFIJ's proposed Statement contains a "subtle argument . . . [t]hat subtly prejudices the issue," this critique is far from a conclusion that

11

MFIJ's proposed Statement "clearly does not comply with the relevant requirements" as § 13-27-226(3)(c), MCA, provides. More importantly, however, he offered no basis at the time he rejected MFIJ's proposed Statement.

¶28 The Attorney General's conclusory assertion that MFIJ's proposed Statement "fails to comply" with § 13-27-212(1), MCA, does not satisfy the statutory requirement that he "determine[] in writing" noncompliance before rewriting a proponent's statement. Section 13-27-212(1), MCA, identifies the specific criteria a statement must violate—such as inaccuracy, partiality, lack of clarity, argumentativeness, or prejudice. A written determination that omits any identification of which statutory element was not met is insufficient under § 13-27-226(3)(c), MCA. A mere declaration of noncompliance, without articulating how the proposed statement is inaccurate, unclear, argumentative, or prejudicial, does not constitute the predicate written determination the statute requires.

¶29 The language on the ballot statements must identify the measure on the ballot so that a Montana voter, drawing on both official and unofficial sources of information and education, will be able to exercise his or her political judgment. *Montanans Against Tax Hikes v. State*, 2018 MT 201, ¶ 6, 392 Mont. 344, 423 P.3d 1078 (citing *Harper v. Greeley*, 234 Mont. 259, 269, 763 P.2d 650, 657 (1988)). We have held this Court will not invalidate a ballot statement simply because a better one could be written. *Montanans Against Tax Hikes*, ¶ 13. Similarly, the Attorney General's statutory authority does not extend to improving or explaining ballot initiatives if the proponent's proposed statement of purpose and implication is not statutorily deficient. As MFIJ argues, the Attorney General did not articulate any way in which he believed MFIJ's proposed Statement failed to comply with

12

§ 13-27-212(1), MCA. Since he offers no basis under § 13-27-212, MCA, for rejecting MFIJ's proposed Statement, he had no statutory basis to revise it.

¶30     *4. Should this Court certify MFIJ's proposed Statement to the Secretary of State?*

¶31     Since we have concluded the Attorney General lacked the authority to submit a revised Statement under § 13-27-226(3)(c), MCA, we next must determine whether to certify MFIJ's proposed Statement to the Secretary of State. In *MSRR*, the proponent argued the Attorney General was required to approve the proponent's proposed statement of purpose and implication because it met the statutory requirements. *MSRR*, ¶ 21. We rejected that argument. Because the Attorney General articulated in his legal sufficiency memo how he believed MSRR's proposed statement failed to meet those requirements, we considered his arguments in determining whether to accept MSRR's proposed statement. *MSRR*, ¶ 24. Although we agreed with MSRR that the Attorney General's revised statement did not comply with § 13-27-212, MCA, we also agreed with the Attorney General that MSRR's proposed statement was deficient as well. *MSRR*, ¶ 24. However, in his legal sufficiency memo in the case before us, the Attorney General did not articulate a basis to support his conclusory declaration that MFIJ's proposed Statement does not comply with § 13-27-212(1), MCA. Section 13-27-605(3)(c)(ii), MCA, requires this Court to certify to the Secretary of State ballot statements that we have determined will meet the requirements of § 13-27-212, MCA. We therefore examine MFIJ's proposed Statement to determine whether it does so.

¶32     In *Montanans for Nonpartisan Courts v. Knudsen*, 2025 MT 267, 425 Mont. 40, ___ P.3d ___, proponent MNC proposed a one-sentence statement of purpose and implication

13

that provided, "CI-[132] amends the Montana Constitution to require that judicial elections remain nonpartisan." *Montanans for Nonpartisan Courts*, ¶ 4. After rejecting the Attorney General's revised statement in that case, we examined MNC's proposed statement and found it statutorily compliant. *Montanans for Nonpartisan Courts*, ¶ 24. In this case, MFIJ's proposed Statement uses similar language and further provides additional context, explaining to voters that state law currently requires judicial elections be nonpartisan and CI-131 would enshrine that requirement in the Montana Constitution, ensuring judicial elections remain nonpartisan unless and until the voters later decide to amend the Montana Constitution to remove it.

¶33 Section 13-27-212(1), MCA, requires that the statement of purpose and implication "express[] the true and impartial explanation of the proposal in plain, easily understood language [and] may not be argumentative or written so as to create prejudice for or against the issue." We conclude, pursuant to § 13-27-605(3)(c)(ii), MCA, that MFIJ's proposed Statement fulfills this requirement.

¶34 Pursuant to this Court's authority under § 13-27-605(3)(c)(ii), MCA, we declare MFIJ's proposed statement of purpose and implication compliant with statutory requirements and certify it to the Secretary of State.

¶35 IT IS ORDERED that the Court CERTIFIES the following ballot statement to the Secretary of State:

> This constitutional initiative would require that Montana Supreme Court and district court elections remain nonpartisan. Since 1935, state law has required that these elections be held without political party affiliation. This amendment would add that rule to the Montana Constitution, so it could only be changed by another constitutional amendment approved by voters.

¶36    IT IS FURTHER ORDERED that petitioner Montanans for Nonpartisan Courts is DISMISSED from this original proceeding.

The Clerk is directed to send a copy of this Opinion and Order to all counsel of record in this matter.

DATED this 11th day of December, 2025.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE